No. 16.—Noble A. Hardee et al. plaintiffs in error, *vs.* Stovall, Simmons & Co., defendants in error.

The dismissal of an appeal is a judgment of the court remitting all parties to the condition and rights which they occupied and held at the time the appeal was entered. So, of the withdrawal of an appeal. The consent of the appellee that the appellant withdraw his appeal being approved by the court, he is remitted to the condition and rights which he occupied and held at the time he entered his appeal.

Where no judgment has been signed, but a verdict rendered and an appeal taken and withdrawn, the verdict is revived, and judgment may, as matter of right, upon exhibition of the record showing the dismissal or withdrawal of the appeal, be entered up *nunc pro tunc.*

The lien of a judgment is not extinguished by an appeal being taken, but suspended. Although the appeal opens all the merits of the issue, yet it does not vacate the first verdict or judgment. This effect is worked only when there being a rehearing there is a new verdict rendered and a judgment on the appeal; and not even then so as to authorize alienation of property intervening the two judgments.

This was an issue tried before Judge Gamble, at the April term, 1846, of Burke Superior Court, between the above-mentioned parties, who were plaintiffs in execution against one Byne, and who were respectively claiming money raised by the sale of Byne's property, upon a rule taken against the sheriff at the instance of the defendants in error, each claiming the money on the ground of priority of their respective judgments. It appeared that a judgment was confessed by the defendant in execution (Byne) to the defendants in error at November term, 1842, of Burke Superior Court, from which an appeal was taken by Byne, and the cause continued pending on the appeal until November term, 1843, when

it was dismissed by the consent of parties, (Stovall, Simmons & Co., and Byne,) and the verdict and judgment confirmed, and the execution issued from the judgment in favor of Stovall, Simmons & Co. was claiming the money. While the cause was thus pending on the appeal, at the term preceding its dismissal, Noble A. Hardee and others, plaintiffs in error, recovered and signed judgments against Byne, whose executions were claiming the money adversely to that of Stovall, Simmons & Co. Upon this state of facts the court below decided that the judgment of Stovall, Simmons & Co. was, by priority of date, entitled to the money, and ruled accordingly; to which the plaintiffs in error excepted, and assign for error in said decision:

1st. That the judge erred in deciding that, where an appeal is entered in any cause in this State, the lien created by the first judgment (except so far as the same arises out of, and is authorized by, the act of 1822) on the property of a defendant is not destroyed by said appeal.

2d. The Judge erred in deciding that the appeal does not (in language which use has made in our State legitimate) carry the case up in its *totality*, and subject to all new lights which may be thrown upon it in law and fact; subject to all amendments of the pleadings; and operative until the court appealed to renders its judgment or decision upon said appeal, and orders and directs an effective judgment, upon which execution may issue to enforce the same, which takes its lien from the time of its entry.

3d. The Judge erred in deciding that if the last judgment is to relate back to the time of the first judgment, it would not be retroactive in its effect, and therefore contrary to law.

E. Starnes for plaintiffs in error.

The error of the court below, we think, had its foundation in the supposition that an appeal under our Judiciary act is analogous in its character and incidents to the common law process which removes a case from an inferior to a superior tribunal. Such a proceeding confessedly is intended only to *suspend* the case in the inferior court until the law can be ascertained by the superior tribunal and applied to the facts, when the case is returned with directions to the court below.

Our proceeding by appeal is a creature of statutory provision intended to furnish a process by which a party dissatisfied with the verdict first rendered, (whether error be committed or not) may remove his case from the tribunal of first resort, *permanently*. It is not a process intended to carry up a case to another court for the purpose of having the same facts determined by a different construction or application of the law *ex. gr. a writ of error*, and a *certiorari*—it is not intended to restrain the proceedings of the court below until inquiry can be made into other *relations* of the *ex. gr.* an *injunction*. For in each of these proceedings the cause is *temporarily* suspended only in the first court, and *temporarily* removed only to the superior *tribunal*.

But it *permanently* removes the case in its relations and its incidents, its law and its facts, from a trial before an inferior court, or from a petit jury, and carries the same to a superior court and a special jury, where it remains and never returns. The system of appeal, therefore, adopted by our statute has no analogy to common law proceedings—its elementary principles have been borrowed, perhaps, from the civil law—but they thus differ from the legal features of those writs somewhat similar at common law. Our proceeding is a *total* removal of the cause from the court below, so that it may be modified, amended, remoulded and made, as it were, a new case, and its trial becomes a new trial. In this view the argument is legitimate and conclusive that the cause being *permanently* removed to another tribunal, or that which is in effect another tribunal, its incidents must follow—the judgment is one of them, and it too must be removed and vacated—its *incidents* (its lien for example) must as a necessary consequence follow its fate.

When thus deprived of vitality, when thus made dead, what shall galvanize the corpse into life ? Shall that result be effected by machinery which has no connection with it ? To drop the figure,—Shall a court, whose decision is independent of, and made without reference to, the first judgment, by such decision restore its vitality ? This is not reasonable. This view is not altered by a dismissal or discontinuance of the cause by the court of appellate jurisdiction before verdict rendered. That court may, by its order—which is its judgment—dismiss the cause, *but it does not send it back*. The judgment should therefore take its incidents, its date and its lien, from the term and the court where the cause alone exists.

The statutes of Massachusetts authorize appeals; and in all essential principles they are similar to our statutes. Their decisions, having reference to this subject, may therefore assist our inquiry. To that effect I cite several of them.—20 *Pick.* 512 ; *18 Pick.* 2 ; 5 *Mass.* 376. An examination of our Judiciary Act of 1797, sec. 37, will show that our legislature of that day regarded the appeal as a new trial, which phraseology favors the view which we advocate.—*Crawford & Marbury's Dig.* 280. If the verdict has been in favor of the plaintiff on the first trial, and the appeal is dismissed by the court of appellate jurisdiction, the order or judgment of this court gives him the right of recovery against the defendant—it *adopts* the finding of the jury below, and authorizes judgment, which regularly should be then entered thereon. If then entered, it must take its date from that term. If it be allowed to take its date from the term of its first judgment, is it not made to *retroact ?* And is this just ? is it lawful ?

If a different doctrine be adopted, and the order of the court be said to revive the first judgment, so as to make it take its date from the first term—if the judgment be thus made effective and complete from the first term, must not its incidents also exist from that date ? If it therefore take its date from the first term, must it not also take its *lien* as a consequence from that term ? If so, it is a *real* lien, the lien of a judgment ; *it attaches to property.* In such a case as that we are considering, it attaches to the property of the defendant; and though that property have been sold by a younger execution while the older judgment was suspended, yet if the older judgment has lien from prior date, it can certainly be levied on this property, and require it to be resold. This seems to be a natural result of the doctrine. But who is prepared to contend for this? No one. This reasoning consequently would seem to be decisive of our case, if we had no statute of our own upon the subject. But our statute of 1822, (*Prin. Dig.*,) we regard as settling the question with the authority of legislative enactment.

A different doctrine destroys precision in the administration of law, and the enforcement of remedies, and mars the symmetry of that law.

Let us illustrate.

*A* obtains a verdict against *B*, on the first day of January, 1844, from which *B* appeals. *C* obtains a verdict against the same defendant, on the first day of June, 1844. *B* does not appeal from the verdict. A's case is not tried until January, 1845. Each case is for the sum of $1,000. *B* has just $1,000 of property. *C* orders his fi. fa. to be levied immediately. If the Sheriff is diligent, he gets the money, pays it over to *C*, and he puts it in his pocket. Can A prevent the Sheriff from paying over the fund ? No. He gets his final judgment in January, 1845, execution issues, but *B* has no more property. Yet, by the doctrine contended for by the defendants in error, the court has decided that his judgment is older than the judgment which sold the property. If it be so, then, can he have it now levied on the property sold, and have it re-sold, *because it has a lien on this property ?* No. What sort of a *lien*, then, is this ? Is not the doctrine, therefore, repugnant to well-recognized principles of law ? We certainly think so, and for this and other reasons, think the court below has committed error.

C. J. JENKINS, for defendants in error, replied :—

*By the Court*—NISBET, Judge.

The defendants in error, Stovall, Simmons & Co., instituted suit in Burke Superior Court, against Enoch Byne—at the trial term, Byne confessed Judgments to the plaintiffs, and upon this confession, Judgment was duly entered up. Stovall, Simmons & Co., appealed, and at the

Hardee et al. *vs.* Stovall, Simmons & Co.

November term of the court, 1843, with the consent of the appellee, withdrew their appeal. After the confession of Judgment to Stovall, Simmons & Co., and before the withdrawal of the appeal, Noble A. Hardee et al. plaintiffs in error obtained Judgments against Enoch Byne. Money being raised by the execution, issued on the Judgments of the plaintiffs in error, by sale of the property of Enoch Byne, the defendant, was claimed in the hands of the Sheriff, by Stovall, Simmons & Co., and upon a motion to distribute, the court below ruled that the lien of the Judgment of Stovall, Simmons & Co., took date from the time of the confession at common law, and *not* from the time of the withdrawal of the appeal, as was claimed by the plaintiffs in error, and ordered the money to be paid to them.

The error alleged is founded on this order, and the decision of the court as to the lien of those judgments upon which it is based. The question, therefore, for this court to determine is, whether the lien of a judgment at common law, from which an appeal has been taken by the plaintiff and withdrawn, dates from the time of the judgment at common law or not. It is the opinion of this court, that under such circumstances, the lien takes effect from the date of the judgment at common law. In cases where the appeal is dismissed by order of the court, as, for example, want of security, or because of insufficient security, it will scarcely be questioned, but that in such cases the lien of the judgment is good from the time it was first obtained. The dismissal of the appeal is the judgment of the court, remitting all parties to the condition and rights which they occupied and held at the time the appeal was entered; and at that time the plaintiff had a perfect judgment, with all the liens which attach to it by law. Such, too, we think is the case when the appeal is withdrawn. The consent of the appellee that the appellant withdraw his appeal being approved by the court, he is remitted to the condition and rights which he occupied and held at the time he entered his appeal. In the latter case the consent and withdrawal does what is effected by the court itself in the former. If in either case the judgment has not been signed, but a verdict rendered, it is our opinion that the verdict is revived, and judgment may as matter of right, upon exhibition of the record showing the dismissal or withdrawal of the appeal, be entered up, nunc pro tunc. The truth is, that the lien of the judgment at common law is not extinguished by the appeal, but suspended. It is not true, although the appeal opens all the merits of the issue, that it vacates the first judgment or verdict. This effect is worked, only when, there being a rehearing, there is a new verdict rendered, and a judgment on the appeal, and not even then, as we shall see, so as to authorize alienation of property, intervening the two judgments. The appeal is entered, and, indeed, the privilege of the appeal is given, for the benefit of the appellant. After the appeal is entered, there are cases in which the appellee acquires by that fact additional rights, but the rights of all other persons remain the same.

If, then, the parties alone interested consent to a withdrawal, who is injured thereby, and who has a right to complain? Not the defendant at common law, because he occupies no worse position than he would have held had there been no appeal—not other judgment creditors, for their rights are neither greater nor less than they would have been without

the appeal. The court does not see the force of the objection, that title to property which has been sold during the suspension of the lien, will be disturbed by a resale. The title of property sold under a valid subsisting judgment is good, and will be protected against any and all judgments open against the same defendant; much more conclusively is it true, that such a title will be good against a judgment, whose lien was at the time of sale suspended by the act of the plaintiff, and as to that sale extinct. It does not, however, follow that money raised from the sale of the defendant's property may not be applied to the revived judgment. So long as that is in the custody of the court, or its officer, it will control its distribution and apply it to the oldest liens.—*Hotchkiss*, 599. By act of the Legislature, the right of an appellant to withdraw his appeal, with the consent of the appellee, is recognized ; and it may be fairly assumed that the consequences which we have held to flow legit-. imately from the withdrawal, are also thereby recognized.—*Prin. Dig.* 426. In the argument of this cause, it was contended that any fair con- struction of the act of December, 1822, defines what shall be the lien of judgments upon withdrawn appeals, and limits that lien to the date of the withdrawal. It does not seem to us that this is a fair construction of that act. That act was intended to apply to cases, upon which, on the appeal, there was a judgment rendered, and so far as such cases are concerned, fixes the date of the lien at the time of its rendition, except to prevent alienation of property between the signing of the first judgment and the signing of the judgment on the appeal. It does not apply at all to appeals withdrawn. To bring any case within the provisions of this act, there must be a rehearing and judgment on the appeal. In this case there was not, and could not be in the nature of things, a judgment on the appeal.—*Prin. Dig.* 45.

By the second section of the same Act, it is provided that "all judgments signed on verdicts rendered at the same Term of the court be considered, held and taken to be of equal date, and no execution founded on said judgments, obtained at the said Term aforesaid, shall be entitled to any preference by reason of being first placed in the hands of the officer." It is upon this section that we plant the opinion now rendered.

Aside from all other reasoning, it is sufficient for us, that the Legislature has declared, that all judgments signed on verdicts rendered at the same Term, shall be of equal date, thus fixing the date of all judgments at the Term they are signed, and of consequence their lien at the same time. It is true, as urged by counsel for the plaintiffs in error, that this section was intended to repeal that provision of the Act of 1799 which gave preference to executions first in the hands of the officer. But this was not its only intention ; because it repeals the Act of 1799, as stated, it does not the less declare, "that all judgments signed on verdicts rendered at the same Term of the court shall be considered, held and taken, to be of equal date." ₁ It is therefore the opinion of the court, that the judgment of the Circuit Court in this cause be affirmed.