### Smith *et al. vs.* Rawson, assignee.

1. A plea to the jurisdiction will not be considered unless filed at the first term, made in person and sworn to, no want of jurisdiction appearing on the face of the papers.
2. Parties may appeal by consent from the justice court to the superior court, when the amount involved is sufficient to authorize an appeal.
3. A judgment void for want of jurisdiction of the person, cannot be pleaded in bar of a subsequent suit between the same parties on the same cause of action, because it is a nullity.
4. The bearer of a negotiable note, who takes it before due, is not affected by the failure of consideration, unless notice thereof is brought home to him before he traded therefor for value.
5. When a note is payable to bearer, the bearer's right to recover of the maker is not affected by the indorsement of the payee thereon.
6. There is evidence to sustain the verdict except for five dollars principal, and the judgment is affirmed, with directions to the plaintiff to write off said sum of five dollars from the principal.

Jurisdiction. Pleadings. Practice in the Superior Court. Appeal. Judgments. Promissory notes. New trial. Before Judge HILLYER. Clayton Superior Court. March Term, 1878.

The following, taken in connection with the opinion, sufficiently reports this case:

Suit, in the usual form, was brought in a justice court by "E. E. Rawson, assignee of A. K. Seago," against Smith *et al.*, on a promissory note payable to Thomas H. Barton or bearer, and indorsed by Barton. An appeal was taken by consent. A plea of want of jurisdiction was filed, but was

not sworn to, (as appears from the record,) nor filed at the first term. Defendant also pleaded former recovery and failure of consideration. On the trial the verdict was for plaintiff. Defendants moved for a new trial on the following, among other grounds:

1. Because the verdict was contrary to the law and evidence.

2. Because the court refused to dismiss the suit for want of jurisdiction.

3. Because the court refused to dismiss the appeal, there having been no trial in the justice court, but admitted evidence that the appeal was by consent.

4. Because the court charged that the indorsement of a note payable to bearer would not affect the bearer's right to recover against the maker.

The motion was overruled, and defendants excepted.

SPENCE & ANDERSON, for plaintiffs in error, cited as follows: On jurisdiction, 59 *Ga.*, 403; Code, §3462. On appeal, Code, §§5104, 3610, 3613, 3616; const. 1877, sec. 6, par. 1. On indorsement, Code, §3248. On evidence, §3818.

TIGNER & HODNETT, for defendant, cited as follows: On jurisdiction, Code, §§3462, 3456, 3461; 1 *Kelly*, 3; 43 *Ga.*, 464: On *res adjudicata*, Code, §3594; 48 *Ga.*, 651-2; 55 *Ib.*, 410. On appeal, 55 *Ga.*, 410; 13 *Ib.*, 171. On want of consideration, Code, §2785. On evidence, Code, §2898; 6 *Ga.*, 503; 3 *Kelly*, 513; Code, §3773.

JACKSON, Justice.

This was a suit in a justice court on a note for eighty dollars, with five dollars credited thereon, and appeal by consent to the superior court. The jury found eighty dollars, with interest, for the plaintiff, whereupon the defendants moved for a new trial, which was refused, and they brought the case here, making a number of assignments of error.

1. There was a plea to the jurisdiction on the ground that

the plaintiff—alleged therein to be the assignee in bankruptcy—could not sue in the state courts, but the plea was made by the attorney and not in person, was not made at the first term, and was not sworn to, which vitiated it. Code, §§3462, 3464, 3456, 3461. Nothing on the face of the plaintiff's pleadings showed the bankruptcy or the character of the assignee, whether in bankruptcy or not.

2. The practice has always been, so far as we know, to allow appeals by consent from inferior to superior courts, as from the courts of ordinary and the old inferior courts; and we see no reason why it should not also apply to justice courts. The sum sued for authorized the appeal, and the party's consent ought to estop him from objecting.

3. There was a plea of a former judgment in this case, but it was void for want of service, and therefore a mere nullity. 48 *Ga.*, 651–2. And it may be treated as a nullity in the justice court. 55 *Ga.*, 410.

4. The court left it to the jury to say whether the bearer got the note before due; if so, the failure of consideration because the mule was not sound—the note being given for a mule—could not be inquired into.

5. The note was payable to Barton or bearer, and Barton's indorsement could not affect the bearer's right to recover. It bound him to pay it if the maker did not, and that was its only legal effect.

6. There is legal evidence ample to sustain the verdict except that the jury omitted to notice a credit of five dollars on the note. This credit is not dated, and the presumption is that it was paid when the note matured. The judgment is wrong to the extent of five dollars; but it is affirmed, with directions to the plaintiff to write off the sum of five dollars from the principal thereof.

Judgment affirmed.