RIDLING vs. STEWART.

1. Where a plea to the jurisdiction of a court is filed, it must show jurisdiction in another court on it face. It is not sufficient to deny the jurisdiction of that court, without specifying what court has such jurisdiction.
2. Where a chattel mortgage was foreclosed in a justice's court, and upon the levying of the execution issued thereunder a claim was interposed, it was properly returned to the court where the foreclosure took place and whence the execution issued.

December 21, 1886.

Jurisdiction.     Pleadings.     Claims.     Justice . Courts.
Mortgages.     Before Judge BOYNTON.     Rockdale Superior
Court.     August Term, 1886.

Reported in the decision.

J. N. GLENN, for plaintiff in error.

A. C. PERRY, for defendant.

JACKSON, Chief Justice.

A *certiorari* made this case by the answer to the writ:

In a claim case between the claimant and plaintiff in
execution, on a mortgage *fi. fa.* issued on a judgment of
foreclosure of a chattel mortgage pending in the court of
the district where it was foreclosed, a plea to the jurisdic-
tion was made in these words: " Because the defendant, H.
P. Hales, at the time of the foreclosure of the mortgage upon
which said mortgage *fi. fa.* was issued (and has been levied
and claim interposed), resided in the 561st district, G. M.,
of said Rockdale county, and not in the 476th district afore-
said; and that the said defendant, Hales, did, on the 9th day,
of August, inst. and does now, reside in Stansell's district,
Newton county, Georgia.    The precise number of the dis-
trict claimant does not know.    Claimant insists that said
*fi. fa.* and claim papers should be remanded or sent to the,
proper district for trial, and that the said claim should not
be tried in the said 476th district aforesaid."

The superior court sustained the ruling of the justice
striking this plea, and dismissed the *certiorari*, and on this
judgment error is assigned.

1. Where a plea to the jurisdiction of a court is filed, it
must show jurisdiction in another court on the face of the
plea.    This affidavit does not show the court which has
jurisdiction.    Is it the 561st district of Rockdale, or the
Stansell district, of Newton county?    The plea does not
specify which.

2. But suppose it did specify either, is either the district having jurisdiction, but is not the 476th the place, and that court the court to try the claim?

The act of October 16th, 1879, settles the point. It provides that the chattel mortgage may be foreclosed by " any justice of the peace, or notary public who is *ex officio* justice of the peace in the county where the mortgagor resides, if a resident of this State." Acts of 1878–9, p. 152-3. By the same act, the mortgagor may defend himself, as " in case of foreclosure of chattel mortgages in the superior courts, and whenever any such defence is filed by such mortgagor, the magistrate issuing such execution shall have power and jurisdiction to hear and determine the issues made thereon, as in other cases at law."

This clothed the justice that issued the mortgage *fi. fa.* with power and jurisdiction to hear the case in its totality whenever the defendant had any defence. The claimant has none, no defence arising out of the illegality of the *fi. fa.* or judgment, that the defendant did not have to that *fi. fa.* and judgment, and as the defendant could not make this defence to the jurisdiction without nullifying the act of October, 1879, cited above, neither can the claimant. The claimant may show that he has the better title to the property without attacking the *fi. fa.*, but he can assail that only to the extent that the defendant could.

All claims of property levied on to satisfy judgments of the justice courts by levy of their *fi. fas.* issued by them, must be heard in the court that rendered the judgment, except claims to real estate; and there is nothing in the law touching the judgments and executions in the foreclosure of chattel mortgages that takes those cases without the rule.

Judgment affirmed.