J. S. EDWARDS and W. F. BROWN, for plaintiff in error..
ADAMSON & JACKSON and S. L. CRAVEN, *contra*.

THE SOUTHERN EXPRESS COMPANY *v.* HILTON.

1. The suit being against a common carrier and the contract being one for the carriage of $1,100 in money, and the breach alleged being a failure to deliver $100 of that sum, and the amount sued for being $100 with interest thereon, the action was a civil case arising *ex contractu*, and was within the jurisdiction of a justice's court.

2. Though a judgment in the justice's court be rendered upon a confession of judgment, the party making the confession may appeal therefrom to a jury; and since the act of December 11th, 1882, the appeal may be taken, where the amount claimed is over $50, to a jury either in the justice's court or the superior court, at the option of the appellant.

3. There was no error in overruling the *certiorari. Judgment affirmed.*
March 26, 1894. Argued at the last term.

*Certiorari.* Before Judge JANES. Haralson superior court. January term, 1893.

Hilton sued the express company in a justice's court, alleging that it received at Tallapoosa $1,100 to be by it carried and delivered to him at Kramer; that it carried to Kramer the bag in which it received the $1,100,. and there delivered the bag with $1,000, but failed and refused to deliver to him the remaining $100; and that it was therefore due him $100 with interest. He confessed judgment for costs, and appealed to a jury in the justice's court. The jury found for him $100 principal, with interest. The evidence showed, that the cashier of a bank at Tallapoosa, with one Guthrie, counted the money twice, and they were positive there was $1,100, which was put into a bag and by Guthrie

delivered to the defendant's agent at Tallapoosa, to be sent to plaintiff. Defendant's agent at Kramer, before delivering the bag to plaintiff, called his attention to the fact that the seal on the tag was broken. The sack was all right, so far as plaintiff could see. The agent took the bag from him, cut the string around it, and poured the money upon a table in defendant's office. The bag was turned inside out, and all the money that was in it was counted several times by the agent and plaintiff, and there was only $1,000. Defendant's messenger who ran on the train at the time was discharged from its employment.

By *certiorari* defendant alleged, that the justice erred in submitting the case to the jury, plaintiff having procured the judgment against himself to be rendered, and therefore not being "dissatisfied" with that judgment within the meaning of the statute. Also, that the verdict was contrary to law and evidence, because plaintiff failed to show that the bag itself was not in the same condition when delivered at Kramer that it was when received at Tallapoosa; because there was no evidence that defendant, its officers or agents, took any money from the bag, nor that the condition of the bag as received at Kramer indicated that any money had been or could have been taken from it, it being necessary to a recovery that plaintiff show actually, and not inferentially, that the money was lost while in the custody of defendant; and because the evidence made an action for damages, if any, and the complaint and summons were not such action, and if the verdict is to be construed as for damages, the court had no jurisdiction, the amount claimed and recovered being more than $100. The *certiorari* was overruled.

B. G. GRIGGS and WILLIAM PHILLIPS, for plaintiff in error.  J. M. McBRIDE and COLVILLE & NOYES, *contra.*