## HELMLY *v.* DAVIS.

Where suit is brought in the county court for a sum exceeding fifty dollars in amount, which results, upon the trial, in a judgment for the plaintiff, the defendant may enter an appeal to the superior court, and this is true even though the defenses interposed by the defendant in the county court were stricken upon demurrer; and the dismissal of such appeal, upon the ground that certiorari and not appeal was the remedy, was error.

Submitted February 19,—Decided March 8, 1897.

Appeal. Before Judge Falligant. Effingham superior court. May term, 1896.

*J. G. & D. H. Clark,* for plaintiff in error.

*H. B. Strange,* contra.

Little, Justice.

The question involved in this case is the right of a party to a suit in a county court, for an amount exceeding $50, to enter an appeal to the superior court from a judgment rendered in the county court. It is contended by the defendant in error that where the judgment in the county court rests solely upon legal questions, an appeal to the superior court does not lie, but that the only remedy of the party so cast is by writ of certiorari. In the case under review, certain pleas were filed by the defendant in the county court, and, being demurred to, were stricken, and judgment rendered for the plaintiff. The defendant appealed to the superior court, and on motion of counsel for plaintiff, the latter court dismissed the appeal, holding that the striking of the defendant's pleas in the county court involved a question of law only, and that therefore certiorari was the proper remedy and not appeal. In this ruling we think the court erred. Section 4214 of the Civil Code declares: "If either party is dissatisfied with the judgment of the county judge, and the principal sum claimed, or damages claimed, exceeds fifty dollars, said party may enter an appeal from such judgment, within four days, under the same rules and regulations as are provided for appeals in this code." The right of appeal given under this section is dependent upon the principal sum claimed. If such sum exceeds fifty dollars, and the party is dissatisfied with the judgment rendered in the case, it is his right to enter an appeal from that judgment to the superior court. By section 4453 of the Civil Code, it is also provided that "In all civil cases tried and determined by a county judge, or a justice of the peace, or a notary public who is ex officio justice of the peace, and on all confessions of judgments before either of said officers, where the sum or property claimed is more than fifty dollars, either party may, as a matter of right, enter an appeal to the superior court." A fair construction of these sections of our code gives to a party dissatisfied with a judgment rendered by

any of the officers enumerated, the right of an appeal to the superior court, in all cases where the amount claimed is over fifty dollars. It is the amount claimed, and not the amount recovered, which determines the right of the party to appeal. *Taylor* v. *Blasingame*, 73 *Ga.* 112. Under the provisions of the constitution (Civil Code, §5856), there may be an appeal either to a jury in a justice's court or an appeal to the superior court in all cases, under such regulations as may be prescribed by law; and the sections of the code to which we have referred are the regulations which are prescribed in cases of appeal. In the case of *Tibbs* v. *Williamson*, 61 *Ga.* 74, this court, in construing the provision of the constitution just referred to, held that it did not by its terms change existing laws so as to allow an appeal in cases where the amount claimed is under fifty dollars. So that the legislation found in the code making provision for appeals to the superior court is in harmony with the constitutional provision on this subject. In *Taylor* v. *Blasingame*, 73 *Ga.* 111, supra, this court distinctly held that when the sum claimed in a suit in the county court, either as a debt or damages, exceeds fifty dollars, the party against whom judgment is rendered has the right to appeal to the superior court. The case of *Brown* v. *Robinson*, 91 *Ga.* 275, is very full and explicit in its rulings on the question here presented. There the contention was, that the plaintiff introduced evidence to prove his account and the defendant introduced none to support his plea, nor to make any conflict of evidence, so that no question of fact was involved, and the sole question was as to the legal sufficiency of the plaintiff's evidence to establish the account. It was ruled that the contention, if true as to the point that no question of fact was involved, would not defeat the right of appeal, although it was further ruled that if such contention were true, it might entitle the defendant to waive his right of appeal, and have the judgment reviewed by the superior court on certiorari. Chief Justice Bleckley, in his reason-

ing, there says: "In order to bring certiorari, he would have to eliminate questions of fact and reduce the case to one or more questions of law; but the right of appeal would not be lost by so doing, unless he elected not to appeal but to proceed instead by certiorari. He could not have both remedies, but he might have either at his election. He can appeal in any case provided for [under sections 286 and 3610(a) of the Code of 1882]; and he can do this irrespective of any classification of the question or questions which the case involves, and irrespective of whether certiorari could be brought or not. *Questions of fact will restrict his remedy to appeal, but questions of law will not restrict his remedy to certiorari.*" This court has also ruled in *Southern Express Co.* v. *Hilton*, 94 *Ga.* 450, that where the amount claimed was over fifty dollars and there was a confession of judgment in a justice's court, the party making such confession might appeal from the judgment rendered thereon to the superior court. The correct rule of law, therefore, as we understand it, is, that where a judgment is rendered, either in a county court or justice's court, in a suit where the amount claimed is more than fifty dollars, the party dissatisfied with that judgment, in all cases where the question involved is one of law merely, may sue out the writ of certiorari to have such question reviewed, or he may appeal to the superior court; but if the judgment in such case involves questions of fact, the remedy is by appeal only, and not by certiorari.

*Judgment reversed. All the Justices concurring.*