SHEAROUSE, administrator, *v.* WOLF.

Where a judgment has been rendered in a justice's court against a person who was not named in the summons, and it is sought to bind him on the ground that he appeared and pleaded in the cause and thus made himself a party thereto, the fact of appearance and pleading must appear from a docket entry, and can not be shown by parol evidence.

Submitted February 26, — Decided March 17, 1903.

Ejectment.   Before Judge Seabrook.   Effingham superior court. January 18, 1902.

*D. H. Clark,* for plaintiff in error.

COBB, J.   Wolf brought an action of ejectment against Rawls, who died pending the action, and Shearouse, his administrator, was made a party in his stead.   The plea of the defendant set up that Rawls conveyed the land in dispute to Mrs. N. A. Lee, to secure a note for $100, given for the purchase-money of a horse, and that the consideration of the note had entirely failed, the horse having been seized and sold on an execution against Mrs. Lee, based on a judgment in existence at the date the horse was sold by her; and that Wolf bought the note and took a transfer of the title to the land after the maturity of the note, and with full notice of the facts above referred to.   The court directed the jury to find a verdict in favor of the plaintiff for the amount of the note, with interest, and that the judgment for this amount be a lien upon the land in controversy from the date of the security deed. The defendant made a motion for a new trial, based upon the general grounds, a ground assigning error upon the direction of the verdict, and two grounds complaining of the rejection of testimony. The motion was overruled, and defendant excepted.

1. When this case was here before (111 *Ga.* 859), it was held: "Where in a suit in a justice's court the summons names only a certain man as defendant, and both he and his wife are served, and the magistrate enters up judgment against both, the judgment

against the wife is void, the record not showing that she appeared or pleaded." It was on the last trial sought to be proved by the plaintiff that when the judgment above referred to was rendered both Lee and Mrs. Lee "were present in court and defended the suit," and by the justice that both "were present at the trial" and "defended and testified in the trial of the case." The court rejected this evidence, and we think properly. Whether a party appeared and pleaded in a court, even a justice's court, is a matter of too much importance to rest in parol. It is the duty of the justices of the peace "to keep a docket of all causes brought before them, in which must be entered the names of the parties, the returns of the officer, and the entry of judgment, specifying its amount and the day of its rendition." Civil Code, § 4082 (6). In *Scott* v. *Bedell*, 108 *Ga*. 209, it was said: "The entries upon the docket of the justice of the peace are in the nature of minutes of a court, and every fact transpiring in connection with cases tried in his court, essential to the validity or regularity of the judgment rendered, should be entered upon the docket." In *McCandless* v. *Inland Acid Company*, 112 *Ga*. 298, it was said by Mr. Presiding Justice Lumpkin: "It can not, then, be doubted that resort must be had to the docket entry, and to it alone, in order to determine in a given case whether or not there was a valid and lawful judgment." There was no error in overruling the motion for a new trial on any of the grounds that were insisted on in this court.

*Judgment affirmed. By five Justices.*