3099. McGARRITY & CO. *v.* THOMAS.

Where a defendant in attachment has replevied the property levied upon, giving the statutory bond, and has also filed a traverse to the grounds of the attachment, and the plaintiff in attachment elects to take a general judgment, but does not dismiss the attachment, and the defendant appeals to the superior court, the surety on the replevy bond can not be surety also on the appeal bond.

· DECIDED AUGUST 4, 1911.

Certiorari; from Clinch superior court—Judge Parker. October 23, 1910.

An attachment was levied on certain personal property, and the defendants replevied the property, giving the statutory bond, and traversed the grounds of the attachment. The plaintiff thereupon elected to take a general judgment against the defendants, and not a judgment in rem, nor a judgment on the replevy bond; and the defendants entered an appeal to the superior court, furnishing an appeal bond, with the same surety thereon that had been previously given on the replevy bond. When the case was called for trial in the superior court, the plaintiff moved to dismiss the appeal, on the ground that the same surety appeared on both the appeal bond and the replevy bond; and this motion was sustained. The judgment dismissing the appeal is assigned as error.

*S. C. Townsend,* for plaintiff in error.

*Patterson & Copeland,* contra.

HILL, C. J. (After stating the foregoing facts.) We think the judgment of dismissal was right, under the general principle decided in *Woodliff* v. *Bloodworth,* 121· *Ga.* 456 (49 S. E. 289), and cases there cited. The plaintiffs in error seek to avoid the effect of this decision and of others announcing the same principle, by insisting that their election in the court below to take a general judgment was tantamount to an abandonment of their attachment, and the abandonment of the attachment carried with it the replevy

bond, and the surety thereon was no longer liable, and that, being released from liability on the replevy bond, he became a proper surety on the appeal bond. This would be true if the premise were entirely sound.

The plaintiff did not dismiss the attachment in the court below, but, in view of the traverse to the grounds of the attachment, only took in that court a general judgment in personam. But the appeal which was subsequently entered by the defendants carried with it the entire case and became a de novo investigation in the superior court, and the plaintiff in attachment, notwithstanding the fact that he had taken only a general judgment in the court below, could, on the trial of the appeal, insist on a judgment in rem, as well as on a judgment in personam. Civil Code (1910), § 5014. And this right kept alive the possible liability of the defendant in attachment and his surety on the replevy bond

We think, therefore, that under the facts in this case and in view of the contingent liability on the replevy bond resulting from the appeal and the de novo investigation, the court was fully warranted in dismissing the appeal, on the ground that no sufficient appeal bond had been given, because the surety on that bond was also surety on the replevy bond.       *Judgment affirmed.*