## 4111.   KISER v. OGLESBY.

1. A plea to the jurisdiction, in which it is alleged that the defendant is not a resident of the county in which the suit is brought, but is a resident of another county, the courts of which have jurisdiction of the case, is amendable so as to specify the courts which have jurisdiction to entertain the petition.
2. The evidence demanded a verdict in favor of the plea to the jurisdiction, and there was no error in directing the jury so to find.

DECIDED MAY 22, 1912.

Action for damages; from city court of Hall county—Judge Hodges presiding.   February 22, 1912.

Kiser sued Oglesby in the city court of Hall county for damages alleged to have been sustained by the plaintiff in consequence of the negligent operation of an automobile by the defendant.   At the first trial the defendant filed a plea to the jurisdiction, averring that at the time of the commencement of the suit "the defendant resided in the county of Brooks in said State, and is now a resident of said county of Brooks, and is not a resident of the county of Hall, and that the courts of Brooks county have jurisdiction of this case, and this court has not."   There was no demurrer to this plea, but when the case was called for trial the defendant offered an amendment to the plea, which was allowed, over objection of the plaintiff, naming the courts in Brooks county which had jurisdiction of the case.   Exception has been taken to the allowance of this amendment.   Evidence was submitted in support of the plea. The plaintiff testified that he was a single man and resided in Brooks county, and had resided there for fifteen years; that he had never resided in Hall county; that he had had employment in Brooks county for the last two years; that his father and mother lived in Brooks county, and that he lived with them; that he voted in that county, and paid his taxes there.   It further appeared, from the evidence, that the defendant's father owned a hotel in Hall county, which was used as a summer resort, being open about the first of June of each year and remaining open for three or four months.   The defendant had been accustomed for several years to come to Hall county and assist in the management of the hotel, remaining in that county the larger part of the summer season, but returning to Brooks county and spending about one week in the month to look after business in the latter county.   The defendant was secretary for his father at the latter's office in Brooks county.

He testified: "I never came to Hall county with the intention to live. When coming up here and spending the summers, I always intended to return to Brooks county. I did not intend to change my residence from Brooks county to Hall county." There was some other evidence, but there was no substantial conflict with the testimony of the defendant. Upon this evidence the judge directed a judgment in favor of the plea to the jurisdiction, and this judgment has been made the subject of an assignment of error in this court.

*W. M. Johnson,* for plaintiff.

*B. T. Gaillard, W. A. Charters,* for defendant.

POTTLE, J. 1. "In all pleas to the jurisdiction of the court, it must appear that there is another court in this State which has jurisdiction of the case." Civil Code (1910), § 5666. The plea must allege "that another court in this State has jurisdiction." *Kahn* v. *Southern Loan Association,* 115 *Ga.* 459. "It must appear in such a plea that there is another court in this State which has jurisdiction of the case." *Akers* v. *High Co.,* 122 *Ga.* 279 (50 S. E. 105). See, also, *Ridling* v. *Stewart,* 77 *Ga.* 539. The original plea in this case alleged that the courts of Brooks county had jurisdiction of the case. Judicial knowledge is taken of the fact that there are two courts in Brooks county, and only two, which have jurisdiction to enforce a cause of action such as that set forth in the petition in this case, to wit, the city court of Quitman and the superior court of Brooks county. It would seem, therefore, that the original plea to the jurisdiction in this case ought to be sufficient, and that it would not be necessary to specify in the plea a thing which the court knows judicially without proof. If the cause of action had been one in which a justice's court had jurisdiction, as in *Ridling* v. *Stewart,* supra, and *Akers* v. *High Co.,* supra, then, of course, it would be necessary for the defendant to name the militia district in which he resided, and the particular justice's court in the county which had jurisdiction of the case. But the court knows judicially that the city court of Quitman has jurisdiction over the whole county of Brooks and has authority to enforce a cause of action such as that set forth in the petition. It likewise knows judicially that the superior court of Brooks county has the same power and authority; and that these are the only two courts in the county which have the jurisdiction to enforce the

cause of action. But even if the decisions of the Supreme Court are to the effect that a plea to the jurisdiction, in order to be good, must on its face, in all cases, name the court which has jurisdiction of the case, there can, we think, be no serious question as to the right of the defendant to perfect his plea by amendment. The only limitation fixed by the code as to the right of amendment, either as to the form or substance, is that there shall be enough in the plea to amend by. Civil Code (1910), § 5681. In the present plea it was alleged that city court of Hall county did not have jurisdiction of the defendant; that he was a resident of Brooks county, and that the courts of that county had jurisdiction of the case. Certainly it was competent for him to amend by naming the courts in Brooks county which had jurisdiction to enforce the cause of action.

2. The direction of a verdict in favor of the plea to the jurisdiction was not error. Plaintiff in error relied upon § 2182 of the Civil Code (1910), and especially that portion which provides that "a person who habitually resides a portion of the year in one county and another portion in another shall be deemed a resident of both, so far as to subject him to suits in either for contracts or torts committed in such county." By its terms this portion of the section presupposes residence, and, to make it applicable, it must appear that the person involved made his residence for a part of the year in the county in which suit was brought. There was, however, no evidence that the defendant really resided in Hall county at all. His home was in Quitman, his parents lived there and he made his home with them, and his business was there. For a number of years he had been spending the greater portion of the hot months at his father's summer resort in Hall county, returning home for a week in each month, to attend to necessary business there. The mere fact that while in Hall county he may have assisted to some extent in the management of the hotel, by making purchases and the like, makes no difference. He says he never intended to change his domicile, and there are no facts proved to authorize a finding that he did. See *Knight* v. *Bond,* 112 *Ga.* 828 (38 S. E. 206); *Smith* v. *Smith,* 136 *Ga.* 197 (71 S. E. 158). The evidence demanding a finding in favor of the plea to the jurisdiction, there was no error in directing the jury so to find. *Judgment affirmed.*