### 14702.　Swint *v.* Seigler.

Broyles, C. J.　1.　While a dilatory plea must be sworn to and filed at the appearance term, yet where such a plea, without being verified, is filed at the appearance term, and no motion is made at that term to strike it on that ground, it is not error for the court to allow the plea to be verified, over the objections of the plaintiff, at the trial term. *Wood* v. *United States Fidelity &c. Co.,* 4 *Ga. App.* 671 (1) (62 S. E. 97); *Southern Ry. Co.* v. *Atlanta Sand Co.,* 8 *Ga. App.* 315, 316 (68 S. E. 1078); *Kiser* v. *Oglesby,* 11 *Ga. App.* 190, 192 (74 S. E. 1036); *Citizens & Southern Bank* v. *Blount,* 20 *Ga. App.* 153 (4) (92 S. E. 758), and citations; *Bland* v. *Bird,* 134 *Ga.* 74 (2 *a*) (67 S. E. 427); *Tate* v. *Little,* 141 *Ga.* 799, 801 (82 S. E. 129).

(*a*)　Under the above ruling, the court did not err in allowing the plea to the jurisdiction to be verified at the trial term, or in refusing to strike the plea after its verification, the motion to strike being based on the ground that the defendant, having pleaded to the merits of the case

before filing a verified plea to the jurisdiction, could not at a subsequent term amend the plea by verifying it.

2. Under repeated rulings of the Supreme Court and of this court, the refusal to direct a verdict is never error.

3. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JULY 26, 1923.

Attachment; from city court of Waynesboro — Judge W. H. Davis. April 23, 1923.

*Roy V. Harris,* for plaintiff. *F. S. Burney,* for defendant.