23670. JACKSON *v.* TAYLOR.

</div>

JENKINS, P. J. 1. "If a person shall reside indifferently at two or more places in this State, such person shall have the privilege of electing which shall be his domicile, and if such election be made notorious, the place of his choice shall be his domicile. If no such election be made, or if made is not generally known among those with whom he transacts business in this State, third persons may treat either one of such places as his domicile, and it shall be so held; and in all such cases a person who habitually resides a portion of the year in one county and another portion in another shall be deemed a resident of both, so far as to subject him to suits in either for contracts made or torts committed in such county." Civil Code (1910), § 2182. Consequently, where a person's established place of residence with his family was at a particular place, and he did not "reside indifferently at two or more places," but where he had been assigned by the Methodist Conference to serve as pastor at Eastman, in Dodge county, and he and his wife resided there at the parsonage, which was his home and domicile, and he registered and voted in that city, the mere fact that he and his wife may have reserved a furnished room on a farm owned by the wife in Berrien county,

where he would "stay as much as two or three days and maybe a week at the time, and then [go] back home," would not suffice to authorize a finding that he was a resident of Berrien county, under the provision of the code section quoted, that "in all such cases a person who habitually resides a portion of the year in one county and another portion in another shall be deemed a resident of both, so far as to subject him to suits in either for contracts or torts committed in such county," since the words "all such cases" refer to the preceding portion of the section dealing with persons who "reside indifferently at two or more places in this State." Especially would this be true where it further appears that such a defendant had expressed no intention of changing his residence from Dodge county by such visits to Berrien county. *Knight* v. *Bond*, 112 *Ga.* 828 (38 S. E. 206); *Kiser* v. *Oglesby*, 11 *Ga. App.* 190 (2), 192 (74 S. E. 1036); *Bush* v. *State*, 10 *Ga. App.* 544, 546 (73 S. E. 697).

2. While a laborer can foreclose his statutory lien either in the county of his employer's residence or where the employer's property upon which the lien is to be foreclosed may be, the process should be made returnable to the proper court of the county of the defendant's residence, if he resides in this State, and the issue made by a counter-affidavit of the defendant should be returned to and tried in that court. *Tharpe* v. *Foster*, 52 *Ga.* 79, 80; *Bennett* v. *Wheatley*, 154 *Ga.* 591, 605 (115 S. E. 83). The evidence undisputedly sustaining the defendant's plea to the jurisdiction that he was a resident of Dodge county, the process sued out in Berrien county should have been returnable to the proper justice's court of the county of his residence, and it was therefore error to render a judgment against the defendant, and to affirm that judgment, on certiorari. *Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED JUNE 18, 1934.

*E. R. Smith,* for plaintiff in error. *I. H. Corbitt,* contra.