36436. W. C. CAYE & Co., INC. *v.* DAVIDSON.

FELTON, C. J. The defendant's plea alleged that he was not a resident of Wilkes County but that he was a resident of Madison County, Georgia. He further alleged "that the defendant avers that he is a resident of Madison County, Georgia, and is entitled to have this suit brought in the county of his residence, pursuant to Code § 3-201 et seq."

The plaintiff's motion to dismiss the plea was based on two grounds; one, that the defendant had not filed a traverse of the entry of service, and two, "that the plea to the jurisdiction was fatally defective on the ground that it did not name the court that would have jurisdiction of the defendant, while claiming that the Superior Court of Wilkes County did not have such jurisdiction."

1. "It is not necessary to traverse an entry of service in which it appears that the defendant has been personally served, in order to file a plea to the jurisdiction of the court." *Perry* v. *Tumlin,* 161 *Ga.* 392 (2) (131 S. E. 70). This is so because the purpose of a traverse is to deny the truthfulness of the return. In this case the defendant does not deny that he was personally served nor could he do so. Where jurisdiction of the person is lacking and is not waived, service, which would be valid if the defendant were subject to the jurisdiction of the court, cannot confer

jurisdiction. The truth or falsity of a return of service is not an issue where a person attacks jurisdiction of the person on the ground of nonresidence. See *McKnight* v. *Wilson,* 158 *Ga.* 153, 160 (122 S. E. 702).

2. While the defendant did not name specifically what court in Madison County, Georgia, had jurisdiction in this case and since the amount sued for exceeds the jurisdictional amount of justices' courts in such cases (Code § 24-1001), the courts will take judicial notice that only one court in Madison County had such jurisdiction, that court being the Superior Court of Madison County. In *Kiser* v. *Oglesby,* 11 *Ga. App.* 190 (74 S. E. 1036), a similar case, the court said, "Thé original plea in this case alleged that the courts of Brooks County had jurisdiction of the case. Judicial knowledge is taken of the fact that there are two courts in Brooks County, and only two, which have jurisdiction to enforce a cause of action such as that set forth in the petition in this case, to wit, the City Court of Quitman and the Superior Court of Brooks County. It would seem, therefore, that the original plea to the jurisdiction in this case ought to be sufficient, and that it would not be necessary to specify in the plea a thing which the court knows judicially without proof. If the cause of action had been one in which a justice's court had jurisdiction, as in *Ridling* v. *Stewart* [77 *Ga.* 539] supra, and *Akers* v. *High Co.,* [122 *Ga.* 279, 50 S. E. 105], supra, then, of course, it would be necessary for the defendant to name the militia district in which he resided, and the particular justice's court in the county which had jurisdiction of the case. But the court knows judicially that the City Court of Quitman has jurisdiction over the whole county of Brooks and has authority to enforce a cause of action such as that set forth in the petition. It likewise knows judicially that the Superior Court of Brooks County has the same power and authority; and that these are the only two courts in the county which have the jurisdiction to enforce the cause of action."

The court did not err in denying the motion to strike the plea to the jurisdiction.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*

DECIDED NOVEMBER 16, 1956.

*Lawson E. Thompson,* for plaintiff in error.
*Walton Hardin,* contra.