### 39779.  DEICH et al. v. AMERICAN DISCOUNT COMPANY.

EBERHARDT, Judge.   A traverse of an entry of service must allege that it is filed at the first term after notice to the defendant (*Code* § 81-214), and must deny the truth of the entry of service.  *Parker v. Rosenheim,* 97 Ga. 769, 771 (25 SE 763); *Sanford v. Bates,* 99 Ga. 145 (1) (25 SE 35); *City of Albany v. Parks,* 61 Ga. App. 55 (2) (5 SE2d 680); *Caye & Co. v. Davidson,* 94 Ga. App. 574 (1) (95 SE2d 746). While an amendment of a proper traverse may be made to make the sheriff a party (see *Stone v. Richardson,* 76 Ga. 97) "in order for a timely traverse, however made, to stand as such and furnish the basis of such an amendment . . . it must plainly and unequivocally deny the truth of the return as shown by the entry of service." *Webb v. Armour Fertilizer Works,* 21 Ga. App. 409, 410 (94 SE 610).  Therefore, a traverse properly filed at the first term after notice but which fails specifically to deny the truth of the entry of service is not amendable at a subsequent term to so deny the truth of the entry.

*Judgment affirmed.   Carlisle, P. J., and Russell, J., concur.*

DECIDED OCTOBER 16, 1962—
REHEARING DENIED NOVEMBER 15, 1962.

*Crawford, Leeb & Calhoun, John R. Calhoun,* for plaintiffs in error.

*Kennedy & Sognier, John G. Kennedy, Jr.,* contra.