42092. GARRISON v. McGUIRE.

ARGUED JUNE 7, 1966—DECIDED NOVEMBER 22, 1966.

*Erwin, Birchmore & Epting, Nicholas P. Chilivis,* for appellant.

*L. D. Skaggs,* for appellee.

PANNELL, Judge. The appeal to this court enumerates as error the act of the judge of the superior court in allowing an "amended plea to the jurisdiction" as to the person, on the

appeal in the superior court, and the sustaining of said plea and dismissing plaintiff's petition.

1. Headnote 1 requires no elaboration.

■ *Code* § 81-503 provides: "If a defendant shall appear and plead to the merits, without pleading to the jurisdiction, and without excepting thereto, he shall thereby admit the jurisdiction of the court." Since the Constitution of 1877, this section has applied to justice's courts (*Stansell v. Hays & Co.*, 67 Ga. 487) and where no such question of jurisdiction is raised in the justice's court it cannot be raised after verdict and appeal either as to jurisdiction of the person or as to jurisdiction of amount, where lack of jurisdiction as to the amount does not affirmatively appear from the pleadings. *Talbott & Sons v. Collier*, 102 Ga. 550 (28 SE 225); *Berry v. Cooper*, 28 Ga. 543, 546 (1). While, in a justice's court, no issuable defenses are required to be filed under oath to an action on a contract as are required in the superior court (*Howell v. Glover*, 59 Ga. 774) and none are required to be filed on appeal in the superior court (Id.), we are not here concerned with issuable defenses under oath, as neither the above case nor the Code section requiring issuable defenses to be filed under oath applies to dilatory pleas. See *Colquitt v. Mercer & DeGraffenreid*, 44 Ga. 432. The rule as to dilatory pleas is different. See *Bass v. Stevens*, 17 Ga. 573. *Code* § 24-1202 requires that such pleas be filed at the first instance under oath. While one can answer by appearance or by an entry of appearance on the docket by an attorney, in a justice's court (see *Shearouse v. Wolf*, 117 Ga. 426 (43 SE 718)), a plea cannot be *filed* unless it is reduced to writing. To hold otherwise would make this requirement as to filing a dilatory plea under oath *in* the justice's courts absolutely meaningless. Under any other construction, it would never be necessary to file a dilatory plea in a justice's court under oath. It could all be done orally. This is not the law. *Code* § 24-1202 expressly provides to the contrary, and so do the cases construing it. See *Adams & Johnson v. Branan*, 120 Ga. 530 (48 SE 128), an appeal to a superior court from a county court, in which it was held it was too late to file a dilatory plea on the appeal in the superior court. Generally,

any defense required by statute to be filed at the first term in a justice's court or other inferior court, may not be filed for the first time on appeal (*McCall v. Tufts*, 85 Ga. 619 (11 SE 886); *Shope v. Fite*, 91 Ga. 174 (16 SE 990); *Stansell v. Massey*, 92 Ga. 436 (17 SE 821); *Stroup v. Pruden*, 104 Ga. 721 (30 SE 948); *Montgomery v. Fouche*, 125 Ga. 43 (53 SE 767)). *Code* § 6-303 provides that "The defendant, in cases appealed from the justice's court to the superior court, shall reduce his defenses to writing before the case proceeds to trial in the superior court, provided he relies upon any plea or defense other than the general issue. Nothing contained in this section shall be construed to abridge his right to amend his pleadings as in other cases." This Code section, however, has no application to pleas required to be filed under oath. See *Athens Truck & Tractor Co. v. Kennedy*, 91 Ga. App. 49, 51 (84 SE2d 608).

The rule in *Smith v. Atlanta Mut. Ins. Co.*, 42 Ga. App. 254 (155 SE 535) and *Cromer v. Chambers*, 104 Ga. App. 196 (121 SE2d 397) that a plea to the jurisdiction may be filed on appeal applies only to pleas to the jurisdiction of the subject matter, which can never be waived, *Dix v. Dix*, 132 Ga. 630, 632 (64 SE 790); *Cutts v. Scandrett*, 108 Ga. 620 (3) (34 SE 186).

The appellee relies upon two cases as authority for its contention that a dilatory plea relating to the absence of jurisdiction of the person of the defendant may be filed for the first time on appeal from the justice's court to the superior court. In *Searcy v. Tillman*, 75 Ga. 504, 506 (2), the Supreme Court said: "The only ground of the motion for a new trial insisted on in this court was not available. No plea of any character was filed to the suits, until after the expiration of the first term of the appeal; the defendant, John Searcy, was then in life, and no sufficient reason was given for failing to make defense to the actions. His executrix was too late in filing the pleas of non est factum. This must be done at the first term after service is perfected upon the defendant. *Code* § 3851 [*Code* of 1933 § 81-403] . . . The cases cited for plaintiff in error from 34 Ga. 435, and 54 Id. 59, only authorized the filing of such pleas at a later date as amendments

to pleas already filed, and where there was something to amend by. These requirements are as applicable to justice courts as to higher courts. *Code* §§ 4148, 4149 [*Code* of 1933, §§ 24-1201; 24-1202]." In the above case no dilatory plea was involved but only a plea of non est factum, and, as referred to therein, a plea of non est factum may be filed for the first time on appeal as an amendment to prior pleadings (*Stanton v. Burge*, 34 Ga. 435) but a different rule applies to dilatory pleas, as they cannot be filed for the first time on appeal under the guise of an amendment to other pleadings previously filed. *Berry v. Cooper*, 28 Ga. 543 (1). But that is not the problem here. In *Smith v. Rawson*, 61 Ga. 208 (1) (decided in 1870) a plea to the jurisdiction was not filed until after appeal and after the first term on appeal, it also was not sworn to. In reference thereto the court said: "There was a plea to the jurisdiction on the ground that the plaintiff—alleged therein to be the assignee in bankruptcy—could not sue in the state courts, but the plea was made by the attorney and not in person, was not made at the first term, and was not sworn to, which vitiated it. *Code* §§ 3462, 3464, 3456, 3461. Nothing on the face of the plaintiff's pleadings showed the bankruptcy or the character of the assignee whether in bankruptcy or not." We see nothing in this ruling that determines that a dilatory plea may be filed for the first time on appeal. The only comfort the appellee can get from these decisions is solely by inference. Such inference should not override the express pronouncement of the Supreme Court that a dilatory plea may not be filed for the first time on appeal to the superior court from an inferior court where such plea has no reference to jurisdiction of the subject matter.

It now becomes necessary to determine whether an amendment was allowable and proper in the superior court to the imperfect plea to the jurisdiction filed in the justice's court, and which was on motion overruled in the justice's court because it failed to disclose which court had jurisdiction over the defendant and was not under oath. See *Code* §§ 81-501, 81-502.

It may be that the defective plea might have been amended prior to its being overruled in the justice's court (*Kiser v.*

*Oglesby,* 11 Ga. App. 190 (1) (74 SE 1036) ; *Swint v. Seigler,* 30 Ga. App. 675 (1) (118 SE 762)) and if an amendment could have been allowed in the magistrate's court, an amendment can be allowed on appeal (*Mauldin v. Mauldin,* 25 Ga. App. 743 (1a) (105 SE 252) ; *Wofford v. Vandiver,* 72 Ga. App. 623 (4) (34 SE2d 579) ; *Smith v. Goodwin,* 84 Ga. App. 319 (1) (66 SE2d 169)). However, after the order overruling the plea (because it was defective) no amendment could have been made in the magistrate's court or in the superior court unless the appeal affected this order. Does the judgment in the magistrate's court, in effect dismissing the plea to the jurisdiction, preclude the amendment on appeal?

"An appeal to the superior court is a de novo investigation. It brings up the whole record from the court below, and all competent evidence shall be admissible on the trial thereof, whether adduced on a former trial or not; either party is entitled to be heard on the whole merits of the case." *Code* § 6-501. "An appeal shall suspend but not vacate judgment; and if dismissed or withdrawn, the rights of all the parties shall be the same as if no appeal had been entered." *Code* § 6-502. These Code sections reflect the case law in effect at the time of their appearance in our first Code (1863, §§ 3548, 3549). For cases prior to the Code see *Hardee v. Stovall, Simmons & Co.,* 1 Ga. 92; *Carter v. Buchanan,* 2 Ga. 337, 339; *Smith v. Cooper,* 21 Ga. 359 (1).

There have been numerous decisions by the Supreme Court and this court applying the provisions of *Code* §§ 6-504 and 6-502, and it has been generally held that the various rulings of the inferior court both as to the law and the facts may be adjudicated de novo on appeal (*Toole v. Edmondson,* 104 Ga. 776 (31 SE 25)), such as rulings on demurrer (*Justices of the Inferior Court of Clarke County v. Haygood,* 15 Ga. 309 (1) ; *Paxton v. Berrien County,* 117 Ga. 891 (2) (45 SE 266) ; *Bowman v. Bowman,* 79 Ga. App. 240, 242 (53 SE2d 244)), a plea in bar (*Brown v. Anderson,* 13 Ga. 171 (4)), a plea of non est factum (*Smith v. Rawson,* 61 Ga. 208), and of res judicata (*Helmly v. Davis,* 100 Ga. 493 (28 SE 231)) even though the defenses be stricken in the lower court prior to the appeal.

(Id.) The expression is often used that the whole merits of the case are heard on appeal (*Anderson v. Smith*, 76 Ga. App. 171 (3) (45 SE2d 282)). In all of the cases we have examined, however, though the language be broad, the matters determined related to the merits of the main case; and we have found no case where a ruling on a dilatory plea, which in effect strikes the plea, has been considered on appeal, and none has been called to our attention.

It would seem, therefore, that it must be first determined whether the ruling of the magistrate on the dilatory plea was carried to the superior court on appeal. Issues made by dilatory pleas are collateral to the main case and are properly determined separately from the trial on the merits. *Jernigan v. Carter*, 51 Ga. 232 (2); *Bray v. Peace*, 131 Ga. 637, 640 (62 SE 1025). In this respect they are similar to a traverse of the grounds of an attachment, which is also a dilatory plea (*Banks v. Hunt*, 70 Ga. 741) and must be first disposed of before a trial on the merits. See *Alvaton Mercantile Co. v. Caldwell*, 34 Ga. App. 151 (1) (128 SE 781); *Code* § 8-605. Even should we concede that when a trial of the issue is had on a dilatory plea, or of the traverse to an attachment, an appeal may be had therefrom, there has been no trial on the dilatory plea here and there is therefore no appeal therefrom. In *Neal v. Bookout*, 30 Ga. 40, a case in which an appeal was entered by the defendant, upon confession of judgment, without trying the issue presented by the defendant's traverse to a ground of attachment, but reserving the right of appeal, the Supreme Court, in deciding that the dilatory plea did not come to the superior court on the appeal, said (page 42): "But in this case, there is, we apprehend, a fatal objection to the proceeding. The attachment was returnable to the July term, 1857, of the inferior court. At the trial term, in January thereafter, the traverse was tendered and disallowed by the court; and thereupon, the defendant confessed judgment to the plaintiff *for his debt*, reserving the right of appeal, which was duly entered. But this appeal did not, of course, take up the traverse. It remained where it was left in the court below, no *certiorari* being sued out to reverse the judgment of the inferior court, in refusing to allow

the traverse to be filed at the appearance term of the attachment, and no attempt being made to carry it up by appeal. For, we repeat, the defendant did not confess for the debt; and further, that *he absconded,* with liberty of appeal, but for the debt only.

"How does this issue come up, then, and be treated as upon the appeal? The whole proceeding was *coram non judice* and void.

"This being so, it is useless to consider the charge of the court. The case must be reinstated, and a trial had upon *the merits*—upon the appeal. It is too late to take up and try the preliminary question, as to whether or not there was ground for the attachment." A different result may occur where there has been no ruling on the traverse prior to the appeal. See *McGarrity v. Thomas,* 9 Ga. App. 606 (71 SE 948). Upon like reasoning, we are constrained to the view that the dilatory plea in the case now before the court which was in effect stricken on demurrer in the magistrate's court, was not before the superior court on appeal from judgment on the merits, and not being before the court on appeal could not be there amended. It is our opinion that the judge of the superior court erred in allowing the amendment to the plea to the jurisdiction and in thereafter sustaining the same.

*Judgment reversed. Felton, C. J., and Frankum, J., concur.*