MORRIS *et al. vs.* MUNROE.

1. Where parties have conflicting claims, depending upon a law point, and they *compromise* them, each is bound by the settlement, whether the law point turns out to have been for him or against him.

In Equity, from Lee Superior Court. Decision by Judge ALLEN, September Term, 1859.

This case having before been up to this Court, a statement of the facts of it will be found, in substance, in the 28*th* Vol. *Supreme Court Rep.*, *p.* 597. This Court reversed the decision of the Court below, and on the return of the remittitur, counsel for complainant moved to amend the bill as follows :

Your orator shows that he was induced to enter into said contract or agreement, upon the assurance being given him by the attorney-at-law of said defendants, as well as one Grier, a skillful lawyer, that the deed under which defendant claimed from Rawson Cain was not void, by reason of the fact it was made whilst orator was in the adverse possession of said lot of land, but that the same was a valid and good deed, and was a paramount title for said premises. And your orator further shows, that since the filing of this bill the Supreme Court, at its recent session at Atlanta, in a case pending in said Court, *Edward Grisham vs. William C. Webb*, decided that the common law principle against barratry and selling pretended titles was in force in this State, and had been at all times since our adopting statute, and

that a deed made by a vendor whilst the premises were in the adverse possession of another was void, and conveyed no title. Your orator says that, having been deceived as to the law controlling his rights in the case, and acting under a mistake as to the law, he submits to your Honor whether it is just or equitable for him to be required to comply with said agreement, the more especially as the defendants would not be injured by its cancellation, but have all the rights they had before said agreement was made.

The Court allowed this amendment to be made, and on the strength of it ordered the former injunction to be retained till the hearing of the cause, and refused defendant's motion to dismiss the bill as amended.

Counsel for defendant excepted thereto, and assigns the same as error.

LANIER & ANDERSON; McCAY & HAWKINS, for plaintiffs in error.

VASON & DAVIS, *contra*.

*By the Court.*—STEPHENS, J., delivering the opinion.

This amendment does not add the slightest equity to the original bill. The very essence of the settlement was the *compromise* of the rights that depended on the law point, and neither party ought to be allowed to set aside the settlement because he may have found out that the law point was in his favor, and that he made a bad trade in conceding anything on account of the uncertainty of it. The *uncertainty* of the legal question is the very foundation stone of that settlement. On any other supposition, one party must have conceded the land and the other must have got the land—an entire loss or an entire gain. If the parties had made a settlement upon the basis that the law was in favor of Munroe beyond all question, Munroe must have got the entire land by the settlement. If they had made a settlement upon the basis that the law was, beyond all doubt, against Munroe, the other party must have got the entire land by the settlement. Neither of these results was reached, because neither of these bases was assumed. The true basis of the settlement was the

uncertainty of the law, and the settlement was a compromise. The result could not have been reached from any other starting point, and we, therefore, know that the starting point was the uncertainty of the law. Mr. Munroe sold his *chances*, and, though they appear to be worth more now than they were then, he must abide by the sale. This is the fate of all traders. The bill ought to have been dismissed.

Judgment reversed.