WATSON v. GOOLSBY et al.

Where suit was brought against Mrs. Goolsby in a county court, by an ordinary action upon an account, and an appeal was taken to the superior court where her husband and minor son were made

parties defendant, and, under an equitable amendment to the declaration, a verdict and judgment or decree were had for a sum of money and that the amount of the verdict should be a special lien on crops grown on certain lands from year to year until paid, and plaintiff in the judgment applied for an injunction and for a receiver to take charge of the lands and collect out of their proceeds the judgment, and the judge refused the application upon the ground that the minor son had an interest in the property which the judgment or decree would bind had he been properly served, and that he had not been properly served: *Held,* that the judge erred in so holding, the mother, Mrs. Goolsby, being the only person having a direct interest in the land, she having a life estate therein (created by deed) during the life of her husband, with a charge thereon for his support and maintenance during his life, and after his death the minor son and such other children of Mrs. Goolsby and her husband as might be living at the death of the husband, taking the fee. But it being at least doubtful whether the superior court on appeal had the right to allow the amendments making parties and seeking equitable relief (the entire nature of the case being changed by the equitable amendment), and whether the land could not be sold under judgment against Mrs. Goolsby, the life-tenant, subject to the charge thereon for the support of her husband, the judge was not bound to appoint the receiver, it being improper to make such appointment if the superior court had no such jurisdiction, or if the land could be so levied on and sold.

March 16, 1891.

Injunction and receiver. Judgments. Estates. Parties. Appeals. County courts. Jurisdiction. Amendments. Before Judge JENKINS. Jasper county. At chambers, January 20, 1891.

The judge put his refusal of injunction and receiver (which is the judgment excepted to) upon the ground that John K. Goolsby jr., the minor child of John K. Goolsby and Julia E. Goolsby, has such an interest in the income of the land conveyed by the deed below set forth, as made him a necessary party to an action which resulted in a verdict and judgment taken by consent of the parties, in which it was ordered that the judgment be a special lien on the crops growing and to be grown on the land conveyed by the deed, and be enforced as against such crops in three yearly instalments, the

*gravamen* of the present complaint being the failure of
the defendants to comply with this judgment; and that
the same is void as to the minor, for the reason that the
only service upon him was by acknowledgment through
the attorney of his guardian *ad litem.* The deed is as
follows:

" Georgia, Jasper county.—This indenture made and
agreed on this March 30th, 1877, between Cardin
Goolsby of said State and county, of the one part, and
Julia E. Goolsby of the same county, of the second
part, and the children of the said Cardin, except the
said John K., of the third part, witnesseth that, subject
to the conditions, limitations, to be herein mentioned
and contained, for the purpose of securing a home and
a support for the said John K. and his family, and in
consideration of the natural love and affection the said
Cardin Goolsby has for his son John K. and his wife,
the said Julia E., and also in consideration of the love
and affection he has for his other children, and also in
consideration of the sum of five dollars to him in hand
paid, he the said Cardin Goolsby has granted, given and
conveyed, and by these presents doth give, grant and
convey unto the said Julia E. for and during the life
of the said John K. or so long as he shall live, with re-
mainder over in fee to such child or children as the said
John K. may beget by his present or any future wife,
the following lands. . . . But if at the death of the
said John K. he the said John K. shall not have begot-
ten children by his present or any future wife, in re-
mainder over in fee to the children of the said Cardin;
that is to say, the true intent and meaning of this writ-
ing is and shall be so construed, the said Julia E. shall
take an estate in the premises herein treated of, for and
during the life of John K. Goolsby; an estate in re-
mainder in fee shall revest immediately in the children
of the said Cardin Goolsby, subject to be divested from
the said Cardin's children upon the said John K. be-
getting children by his present or any future wife, in
which event the children of the said John K. shall take
an estate in remainder in fee. Provided always, and
to this end all estate for years, life or in remainder are
subordinate and dependent, the said John K. so long

as he lives shall be supported from the rents and profits issuing out of said land; that is to say, his support and maintenance during life shall be a charge upon said estate, but not to the extent of diminishing the *corpus*, and he takes no other interest in this deed, nor shall the rents or profits issuing out of said lands be liable to any debt or contract of his. . . . "

The action was originally against Julia E. Goolsby. By amendment John K. Goolsby and John K. Goolsby jr. were made parties defendant. On this amendment it was ordered that John K. Goolsby be appointed guardian *ad litem* for John K. Goolsby jr., and be served with a copy of the amendment. Following this order is an acknowledgment of service and waiver of process "for all the defts.," signed by "F. Jordan, atty. for J. K Goolsby and J. K. Goolsby guardian *ad litem* for John K. Goolsby, minor."

JOHN C. KEY and HALL & HAMMOND, for plaintiff.

JORDAN & LANE, by brief, for defendants.

SIMMONS, Justice.

The trial judge placed his refusal of an injunction and the appointment of a receiver in this case upon the ground that the minor son was interested in the land and the fund; that he had not been properly served in the common law suit, and therefore the judgment or decree sought to be enforced in this equitable petition did not bind him. We think the trial judge was wrong in holding that the infant had an interest which the judgment or decree would bind had he been properly served. Mrs. Goolsby, the mother, is the only person having a direct interest in the land. She has a life estate therein during the life of her husband, John K. Goolsby, with a charge thereon for the support and maintenance of her husband during his life. After his death, the minor, John K. jr., and such other children as may be living at his death, take the fee.

But while the reasoning of the judge was erroneous, his judgment refusing the injunction may be right, according to the facts disclosed in this record. There are two reasons which might have authorized him to refuse the injunction, if they had been considered. The first is, did the superior court, on an appeal from the county court, have the right and power to allow the amendments making John K. Goolsby and his son parties to the action in the superior court; and did it also have power and authority to allow the amendment seeking equitable relief? Did it have the power and authority to enter up the judgment or decree which it rendered in this case? In other words, can an appeal be taken from a county court, which has no equitable jurisdiction, to the superior court, and the entire nature of the case be changed by an equitable amendment? The second question is, cannot this land be sold under the judgment against Mrs. Goolsby, the life tenant, subject, of course, to the charge thereon for the support of John K. Goolsby during his life? If the superior court had no jurisdiction to allow the amendment and to enter up the decree, or if the land can be levied on and sold under the judgment against the life-tenant, the appointment of a receiver would be improper. These matters being at least doubtful, the judge was not bound to make such appointment. We therefore affirm the judgment.                    *Judgment affirmed.*