## HOWARD *v.* ALLGOOD.

LUMPKIN, J. 1. In an action for damages the petition alleged, among other things, as follows: A corporation agreed to sell stock to the plaintiff, with a covenant to resell it at a stated price, if at the expiration of one year the purchaser should be dissatisfied and desire to have it resold. "As a guarantee" of this contract, certain officers and directors of the corporation, in writing, undertook to "sell or take up" the shares in question at the specified price, and assumed the payment of such amount, as a means of inducing the plaintiff to take the stock

from the company. The persons negotiating the trade represented to the plaintiff that these officers and directors were solvent and in good financial and commercial standing, one of them being worth a hundred thousand dollars, another fifty thousand dollars, and a third from five to ten thousand dollars, which representations were false and fraudulent, and, with knowledge of their falseness, were made for the purpose of deceiving the plaintiff and inducing him to take the stock, and did so induce him. The company having failed and gone into bankruptcy, the plaintiff endeavored to communicate with these officers, but they could not be located; and he then found that the representations above mentioned were false, and he thereby lost the amount which he had paid for the stock. *Held*, that such petition was not subject to general demurrer.

(*a*) Civil Code (1910) § 4411, dealing with representations to obtain credit for another, does not apply to a transaction like that here involved.

(*b*) A special demurrer was interposed as to certain allegations of a petition. An amendment was made, striking some of them and altering others, so as to materially change the paragraph to which the special demurrer was directed. A demurrer was again interposed, but the second demurrer did not include a special demurrer, or again raise the question involved in the former special demurrer, but only relied on the general grounds; and the special ground of the first demurrer will be ·treated as abandoned.

2. There was no error in overruling the demurrer.

*Judgment affirmed. All the Justices concur.*
**June** 19, 1915.

Complaint. Before Judge Thomas. Lowndes superior court. August 31, 1914. ·

*Neel & Neel,* for plaintiff in error.
*Mundy & Mundy* and *Patterson & Copeland,* contra.