*T. H. Parker,* contra.

---

8237.   GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE
CORPORATION LIMITED *v.* WAY.

BROYLES, P. J.   1. "All parties, whether plaintiffs or defendants, may at any stage of the cause, as matter of right, amend their pleadings in all respects, whether in matter of form or substance, provided there is enough in the pleadings to amend by." Civil Code (1910), § 5681. The plaintiff was within her rights in amending her petition to meet the demurrer interposed by the defendant.

2. A demurrer to the original petition does not cover the petition after it has been materially amended. *Powell* v. *Cheshire*, 70 *Ga.* 357 (2 *b*) (48 Am. R. 572). If the demurrer is still relied upon it should be renewed or insisted upon after the amendment has been allowed. Where, the amendment materially changes the cause of action, the petition is opened anew to demurrer, and the defendant should be allowed reasonable time for answering such amendment. Civil Code (1910), § 5652.

(*a*) There is no provision of law that notice of an amendment to the petition shall be given to the defendant. *Miller* v. *Georgia Railroad Bank*, 120 *Ga.* 17 (2) (47 S. E. 525). In this case the demurrer was interposed to the original petition, but was not renewed or insisted upon after the petition had been amended in regard to material matters; nor was there any new demurrer to the amended petition, nor was there any request for time for the purpose of preparing a demurrer or answer to the petition as amended; it appearing that the plaintiff in error and its counsel were not present in court when the amendment to the petition was allowed, and such counsel apparently being absent without a leave of absence. Under such circumstances the judgment refusing to set aside the judgment in the original case, on the grounds that it was rendered without any disposition having first been made of the demurrer, and without any notice being given to the defendant of the amendment to the petition, and without any time being allowed him to answer it, will not be reversed.

3. The original suit was on a contract of life insurance, brought by the wife of the insured, the beneficiary under the policy; and the original petition stated that notice and proof of the death of the insured had been duly given to the insurer, that she had surrendered the policy of insurance to the latter, which had been retained, that she had demanded payment of the amount of the insurance, to wit, the sum of $300, which payment had been refused, and that, not having possession of the policy of insurance, she was unable to attach a copy of it to her petition. Apparently the original petition was demurred to upon the ground that a copy of the insurance policy was not attached thereto, although this does not clearly appear from the petition to set aside the judgment in the original case. In the amendment to the original petition, which was allowed, the plaintiff alleged that the said policy was of force, and that all premiums due thereon had been paid, that it bound the insurer to pay to the plaintiff $300 upon the death of the insured, that the policy had been delivered to the insurer, who had retained it, and she therefore called upon the defendant to produce the policy in order that it might be used as evidence in the case. There was no demurrer or answer to the amended petition, nor did the defendant produce the policy (the defendant and its counsel, as above stated, apparently not being present in court when the amendment was allowed). Under these facts the court did not err in permitting the plaintiff to introduce secondary evidence as to the provisions of the policy of insurance, there being no objection then offered to this evidence, and in permitting her to prove the other facts necessary for a recovery under the terms of the policy, or in allowing the case to proceed to a verdict and judgment in favor of the plaintiff.

4. It does not appear that the court abused its discretion in denying the petition to set aside the verdict and judgment rendered against the defendant in the original case, or in refusing to grant the rule nisi as prayed for.

*Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*

DECIDED MAY 11, 1917. REHEARING DENIED JUNE 7, 1917.

Petition to set aside judgment; from Camden superior court—Judge Highsmith. August 7, 1916.

*Payne & Jones, Bolling Whitfield, Alfred H. Crovatt,* for plaintiff in error.