8606. DeLAIGLE *et al. v.* SHUPTRINE.

The defendant's plea as amended stated a substantial defense, and the court erred in sustaining an oral motion to strike it.

DECIDED JANUARY 29, 1918.

Complaint; from Toombs superior court—Judge Hardeman. February 27, 1917.

*W. T. Burkhalter, Hines & Jordan,* for plaintiff in error.

*Giles & Sharpe,* contra.

BLOODWORTH, J. Although the plea and the amendment thereto were loosely drawn, and were lacking in particularity and certainty, the plea as amended states a substantial defense and was sufficient to withstand the oral motion to strike it, made at the trial, on the ground that the amendment, "in connection with the original plea and answer of the defendant, sets up no defense to the note sued upon." In support of this ruling we quote the following: "The answer filed by the defendant contained some averments constituting, in substance, at least a good partial defense against the plaintiff's petition; and hence it should not have been stricken on general demurrer." *Higginbotham* v. *Conway,* 113 *Ga.* 1155 (39 S. E. 550). "While a plea or answer which sets up no legal or equitable defense, being bad in substance, may be stricken on motion at the trial term, yet such a motion is not available where the plea states a substantial defense, but is merely deficient in certainty or particularity." *Bailey & Carney Buggy Co.* v. *Guthrie,* 1 *Ga. App.* 350 (3) (58 S. E. 103). "It is error to strike, on oral motion or general demurrer, a plea which, though defective in several paragraphs, contains one paragraph which properly presents a substantial issue." *Hicks* v. *Hamilton,* 3 *Ga. App.* 112 (2) (59 S. E. 331). "The answer of a defendant will resist a general demurrer or motion to strike, no matter how defective in some respects the answer may be, if it contains any matter of substantial right which the defendant can properly present by

plea." *Medlock* v. *Wood*, 4 *Ga. App.* 368 (2) (61 S. E. 516). "A general demurrer, directed to a plea as a whole, is not sufficiently specific to require the court to strike the entire plea, if any part is good." *Epstein Co.* v. *Thomas*, 15 *Ga.. App.* 741 (3) (84 S. E. 201). See also *Simmons Furniture &c. Co.* v. *Reynolds*, 135 *Ga.* 595 (69 S. E. 913).

The court having erred in striking the plea, all subsequent proceedings were nugatory.

*Judgment reversed. Broyles, P. J., and Harwell, J., concur.*