10681.  WHATLEY v. COHEN & COMPANY et al.

JENKINS, P. J.  1. The transfer of this case to this court by the Supreme Court is equivalent to a holding that the suit is one at law.

2. "Distinct and separate claims of or against different persons can not be joined in the same action." Civil Code (1910), § 5515; *Van Dyke*, v. *Van Dyke*, 120 *Ga.* 984 (48 S. E. 380). Thus, when properly demurred to, a suit for damages can not be maintained where the suit in one count proceeds against the owner of property for his failure to comply with a contract of lease as executed in his behalf by his duly authorized agent, and where in another count it is attempted to proceed against the agent on the theory that he was without authority in the execution of such contract on behalf of his principal; since such a suit is an attempt to join distinct and separate alleged causes against different persons in one and the same action. This is true without reference to the question as to whether or not the alleged cause of action against the agent is maintainable.

3. "Breach of contract gives a right of action whether special damages be alleged or not, and therefore excluding from the declaration all averments of special damages will not warrant the court in dismissing the action." *Kenny* v. *Collier*, 79 *Ga.* 743 (8 S. E. 58).

4. The defendants entered general demurrers, and set up that the petition was multifarious, that it contained a misjoinder of parties, and that the special injury sued for was not the proper measure of damages to be applied in such a case. The demurrers were sustained in general terms, to which ruling plaintiff excepts. The plaintiff in error has requested this court to give him leave to amend his petition in the event it should be held that in the petition as brought there was a misjoinder of parties. This request is granted, and it is directed that the plaintiff be allowed to amend the petition in respect to the defects above indicated before the judgment of this court is made the judgment of the court below. Civil Code (1910), § 6205; *Central Railroad Co.* v. *Paterson*, 87 *Ga.* 646 (13 S. E. 525); *Georgia Railroad &c. Co.*, v. *Tice*, 124 *Ga.* 459 (52 S. E. 916, 4 Ann. Cas. 400); Civil Code, § 5688; *Brown* v. *Bowman*, 119 *Ga.* 153 (46 S. E. 410); *Lippincott* v. *Behre*, 122 *Ga.* 543 (50 S. E. 467); *Green* v. *Massee & Felton Lumber Co.*, 6 *Ga. App.* 389 (65 S. E. 44).

*Judgment affirmed, with direction. Stephens and Smith, JJ., concur.*
DECIDED NOVEMBER 26, 1919.

Action for damages; from Richmond superior court—Judge Henry C. Hammond. June 3, 1919.

*I. S. Peebles Jr., T. S. Harrison,* for plaintiff.

*C. H. & R. S. Cohen. Pierce Brothers,* for defendants.