### 11607. MAULDIN, guardian, *v.* MAULDIN.

BROYLES, C. J. 1. The amendment to the petition did not set out a new cause of action, and the court did not err in allowing it over the objections urged.

(a) There was no merit in the objection that the amendment set up facts which developed after the filing of the original petition in the ordinary's court. It is not error upon the trial on appeal in the superior court, to allow an amendment to the pleadings which could have been properly allowed in the ordinary's court if the case had been there pending instead of in the superior court. The true test is: Was the subject-matter of the amendment within the jurisdiction of the ordinary's court? See, in this connection, *Watson* v. *Goolsby,* 86 *Ga.* 805 (13 S. E. 106); *Hufbauer* v. *Jackson,* 91 *Ga.* 301 (18 S. E. 159); *Stansell* v. *Massey,* 92 *Ga.* 436 (17 S. E. 821); *Berger* v. *Saul,* 109 *Ga.* 240 (34 S. E. 1036); *Patterson* v. *Sams,* 2 *Ga. App.* 756 (59 S. E. 18).

2. It does not appear that the demurrers, to which the court ruled the original petition was subject, were urged against the petition after it had been amended. Therefore the question as to whether the amended petition was subject to those demurrers is not raised.

3. The motion for a new trial contained only the usual general grounds; the evidence amply authorized, if it did not demand, the finding of the jury, and, the trial judge having approved that finding, this court is without authority to interfere.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 9, 1920.

Appeal from Fulton superior court — Judge Bell. March 17, 1920.

R. F. Mauldin, of Fulton county, was adjudged of unsound mind

and committed to the State Sanitarium at Milledgeville by the court of ordinary of Fulton county in November, 1917, and his wife was appointed guardian of his person and property. On January 16, 1919, while still in the State Sanitarium, he filed in his own name a petition in the court of ordinary of Fulton county, alleging: (1) that the orders of the court of ordinary in regard to these matters were void; (2) that various sales made by the guardian under orders of that court were void, because the orders were fraudulently obtained; (3) that the guardian was wasting the estate, and (4) that he had been restored to sanity and capacity. He prayed that the various orders mentioned be revoked and set aside, that the issue as to whether he was completely restored to capacity and sanity be tried by a jury, that he be declared sane and capable of handling his estate, and that the guardian be ordered to deliver to him his property, money, and effects. The ordinary issued an order that the guardian be served with a copy of the petition. She demurred on the grounds: (1) that the petition did not set forth sufficient facts to afford a basis for the relief prayed; (2) that the petition was multifarious and there was a misjoinder of causes of action; and (3) that the court had no jurisdiction of the question whether the petitioner had been restored to sanity, the petition showing that he had been committed to the State Sanitarium at Milledgeville by orders of the court of ordinary and was still confined in the sanitarium; and the courts of Baldwin county, and no other court, had jurisdiction of this matter. The guardian filed an answer denying the material allegations of the petition. There was an appeal to the superior court, and in that court, the first ground of the demurrer was overruled, and the other two grounds were sustained, with leave to amend.

By an amendment, which was allowed by the judge of the superior court over objection of the guardian, the petitioner alleged: (1) On or about February 2, 1919, the authorities in charge of the State Sanitarium at Milledgeville dismissed the petitioner from custody, by letting him leave the sanitarium, and he has not since been and is not now an inmate of the sanitarium. (2) Since that date he has not been in the custody of any authority or person, is operating a store and buying and selling property, and is, and has been since his trial in 1917, sane and of

sound and disposing mind; (3) that under the laws of the State he can not be returned or recommitted to the State Sanitarium without a jury trial; (4) that he is and has always been a resident of Fulton county, Georgia, and that since about January 17, 1919, he has lived and done business in that county; and (5) that his original incarceration in the State Sanitarium was in violation of the law, for he was committed to the sanitarium as a pauper, when he had sufficient property to pay for any treatment that might have been accorded him.

The guardian's objections to the allowance of the amendment were: (1) It alleges a new and distinct cause of action. (2) It is founded on a new and entirely different set of facts from those stated in the original petition. (3) It contains facts and matters that have developed since the filing of the original petition. (4) The superior court, in cases of appeal from the ordinary's court, is restricted in its jurisdiction to the limitations of the ordinary's court, and the ordinary's court could not have allowed the amendment, since it set up facts which developed after the institution of the original proceeding in the ordinary's court. (5) The matters set forth in the statement were immaterial, irrelevant, and not germane to the original petition.

On the trial in the superior court the petitioner testified and introduced other witnesses as to his sanity at and before that time. J. W. Stallings, deputy clerk of the court of ordinary of Fulton county, testified: "I took an order from Judge Jeffries to the superintendent of the State Sanitarium at Milledgeville, requesting him to deliver Mr. Mauldin to me to be brought back to Atlanta as a witness in his case. He has not been recommitted since the trial of that case as far as I know. . . In December, 1918, I went to Milledgeville and brought Mr. Mauldin back to Atlanta. . . I went down there after him with the expectation of bringing him back and putting him in jail." The witness testified that on their return to Atlanta he left Mauldin and did not lock him up, and considered him "perfectly sane and capable of handling his business." The jury found "in favor of the applicant and that the letters of guardianship be revoked and his property restored to him." The case came to the Court of Appeals on ex-

ceptions to the allowance of the petitioner's amendment, and to the overruling of the guardian's motion for a new trial.

*Anderson, Rountree & Crenshaw,* for plaintiff in error.

*Hewlett & Dennis,* contra.