*Walter DeFore, James C. Estes,* contra.

------

### 11399.  BRIDGES *v.* SHIRLING.

STEPHENS, J.  1. One holding an option to buy may in exercising the option direct that the title to the property be conveyed to another to whom he has resold.  Where such resale by the person exercising the option has been made at a profit to him, and the purchaser has, upon conveyance to him by the owner of the latter's interest in the property, paid to the owner the purchase-money due to the owner by the person exercising the option, and in addition thereto has paid to the owner an amount of money representing the profit to the person exercising the option, and which is a part of the purchase-money paid to the party to whom the property has been resold, the title to such money representing the profit in the hands of the original owner of the property sold is not in the original owner, but is in the person exercising the option, and the original owner cannot recover the money in an action of trover against the person exercising the option.

2. While the plaintiff in trover must recover upon his own title, the defendant may, under a plea denying title in the plaintiff, sustain such denial by proof that the title is in the defendant and therefore not in the plaintiff.

3. Where a written contract contains a provision which is ambiguous and uncertain in its meaning, but where the parties to the contract have given to this provision a construction and have acted upon it, such provision of the contract will be construed accordingly.  Assuming that the description of the land in the option contract in the instant case was ambiguous or void for uncertainty, it was construed by the parties to the contract as applying to certain land, and this construction of the contract was acted upon by them.

4. Where an executed act, as the payment of money, is recited as the consideration for a contract, the contract is not rendered invalid by proof that the consideration was not actually executed by the payment of the money.

5. The evidence authorized the inference that the title to the property sued for in trover was in the defendant and not in the plaintiff, and since no error of law appears, the judge did not err in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*

DECIDED FEBRUARY 15, 1921.

Trover; from city court of Valdosta — Judge Cranford. March 5, 1920.

*F. S. Harrell,* for plaintiff.   *O. M. Smith,* for defendant.