*W. V. Custer, John R. Wilson,* for defendant.

---

### 13324.  SAMPSON *v.* McRAE.

STEPHENS, J.  1. Under the authority of *Cone* v. *American Surety Co.*, 154 *Ga.* 841 (115 S. E. 481), the motion of the defendant in error to dismiss the bill of exceptions upon the ground that this court has no jurisdiction to entertain a writ of error from the city court of Thomasville is denied.

2. A provision in a contract which provides for its performance in the alternative does not render the contract ambiguous, and therefore the rule that an ambiguous provision shall be construed most strongly against the draftsman does not apply.  A provision in a contract that one of the parties may buy or act as sales agent in selling certain real estate belonging to the other contracting party is not ambiguous, but provides for the performance of the contract by one of the parties at his election, either by buying the property from the other, or by selling the property as agent for the other.

3. In a contract for the sale of land the following description of the land is sufficiently certain for identification: " One certain lot of land in the City of Thomasville, located on Jackson street next to city barracks, containing thereon two two-story brick buildings."  Since that is certain which is capable of being made certain, a petition in a suit on the contract, alleging a description of the land as contained in the contract, and alleging facts rendering an identification of the land certain, such as that there was only one city barracks in the city of Thomasville, and that the City of Thomasville was in Thomas county, Georgia, and that there was only one tract of land adjoining the city barracks having thereon two two-story brick buildings, and that such one tract of land was the only tract of land adjoining the city barracks owned at the time by the owner of the land described in the contract, together with other facts by way of identification, sufficiently describes and identifies the land described in the contract.  See, in this connection, *Horine* v. *Hicks*, 25 *Ga. App.* 802 (104 S. E. 922), and cases there cited.

4. In a suit for damages for breach of a contract, a plea which alleges a former election of a remedy by the plaintiff and which sets out a petition by the plaintiff praying for specific performance of the same contract, together with process and service upon the defendant, and which alleges a voluntary dismissal by the plaintiff of such petition prior to the institution of the suit in the pending case, is insufficient, without more, to show such a former election of remedy as will constitute a bar to the prosecution of the pending suit.  See, in this connection, *Lane* v. *Lodge*, 139 *Ga.* 93 (3-a) (76 S. E. 874) ; *Causey* v. *Causey*, 106 *Ga.*

188 (32 S. E. 138); *Board of Education* v. *Day*, 128 *Ga.* 756, 764 (57 S. E. 359); Civil Code (1910), § 4639.

5. " Where an executed act, as the payment of money, is recited as the consideration for a contract, the contract is not rendered invalid by proof that the consideration was not actually executed by the payment of the money." *Bridges* v. *Shirling*, 26 *Ga. App.* 279 (4) (105 S. E. 862).

6. Lawful tender of money need not be made in person by the contracting party for whose benefit the tender is made, nor need the money tendered belong to such contracting party.

7. The plaintiff having sued upon a contract as described in paragraph 2 above, alleging that he had a right to elect to purchase at a certain amount certain real estate, even though in alleging his damage the plaintiff alleged that he had procured a purchaser for the property to whom he had contracted to resell at a profit, and it appearing without dispute that the defendant, after lawful tender had been made to him, refused to sell, the court did not err in instructing the jury that the plaintiff was entitled to recover, and certain requests to charge made by the defendant, based upon the theory that the plaintiff was a real-estate broker, were properly refused.

8. A suit to recover damages for an alleged breach by the seller of a contract of sale, where the plaintiff alleges his damages to be the difference between the contract price and the market value of the property at the time and place for performance of the contract, even though no nominal damages are in terms prayed for, is not one to recover such special damages for a breach of the contract as will necessarily exclude the plaintiff's right to recover nominal damages. See, in this connection, *Kenny* v. *Collier*, 79 *Ga.* 743 (8 S. E. 58); *Sutton* v. *Southern Ry. Co.*, 101 *Ga.* 776 (29 S. E. 53); *Graham* v. *Macon &c. Ry. Co.*, 120 *Ga.* 757 (49 S. E. 75). The charge of the court upon nominal damages was therefore not error.

9. The amount of the verdict found for the plaintiff being supported by evidence tending to establish the difference between the contract price and the value of the property at the time when it should have been performed, a verdict for the plaintiff was authorized.

10. None of the rulings upon any of the demurrers interposed either by the plaintiff or by the defendant appear to be erroneous. The evidence supports the verdict rendered for the plaintiff, and the court did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

Decided February 21, 1923.

Action on contract; from city court of Thomasville — Judge W. H. Hammond. January 30, 1922.

*C. E. Hay,* for plaintiff in error. *W. I. MacIntyre,* contra.