18632. METROPOLITAN LIFE INSURANCE CO. *v.* MAPP.

LUKE, J. 1. Where in an action upon a life-insurance policy the petition alleged that a copy of the policy could not be attached to the petition, because it had been delivered to the insurer for the purpose of collecting

the insurance, and the insurer refused to return the policy to the beneficiary, and where a demurrer, based upon the ground that no copy of the policy was attached to the petition, was overruled, and the defendant excepted pendente lite to that ruling; and where, when the policy had been produced at the trial term, there was attached to the petition, by amendment, an exhibit containing a copy of that part of the policy which appeared above the signatures of the officers of the insurer, as well as a schedule (referred to in and made a part of the policy) stating the number and date of the policy, the name and the age of the insured, the amount of the insurance, and the weekly premiums, and where the demurrer was not renewed as to the petition as amended, the amended petition was not subject to the attack made by the demurrer, and the court did not err in overruling the demurrer. In this connection see Civil Code (1910), § 5541; *Southern Mutual Ins. Co.* v. *Turnley,* 100 *Ga.* 296 (27 S. E. 975) ; *Gaynor* v. *Travelers Ins. Co.,* 12 *Ga. App.* 601 (77 S. E. 1072). See also *General Accident &c. Assurance Corp.* v. *Way,* 20 *Ga. App.* 106 (92 S. E. 650).

2. A hospital-card, offered in evidence for the sole purpose of showing that the insured was treated at a hospital on a stated date, was objected to because it was not shown to be the original record, and because it was hearsay. The witness undertaking to lay the foundation for the card which purported to be a history of the insured's case testified that he did not know who made out the card, that it was simply a paper found in the hospital, and that another physician at the hospital handed him the card, but did not say whether or not it was an original card. *Held,* that the card was properly rejected.

3. The defendant pleaded that on January 5, 1925, the date of the policy, the insured had tuberculosis of the lungs and decompensation of the heart, and that on or about February 20, 1923, he was treated by a physician at Grady Hospital for decompensation of the heart, and had tuberculosis, and that by reason of stipulations in the policy the foregoing facts made it void; also that the policy was void because of certain false and fraudulent representations made in the application for insurance, which were directly contradictory of the fact that the deceased had been treated in a hospital as stated above, and at that time had pulmonary tuberculosis. *Held,* that the evidence, which was sharply conflicting as to every charge in the plea, did not demand a verdict for the defendant. For no reason alleged does the record disclose reversible error, and the superior court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED MARCH 7, 1928.

*Smith, Hammond & Smith,* for plaintiff in error.
*Shelfer & Dunaway,* contra.