### 18458. ELECTRIC CITY BRICK CO. *v.* MINTER.

STEPHENS, J. 1. Where a contract provides that one of the parties is to furnish plans and specifications for construction work to be performed by the other party, and expressly limits the use of the plans to the particular construction work described, and where the party entitled to the use of the plans expressly agrees to confine the use of them to the construction work described, and agrees not to use them upon any other construction work than that described, this provision of the contract is not in restraint of trade and is not against public policy.

2. In a suit by the party furnishing the plans against the other party to the contract, to recover for the alleged breach by the defendant in using the plans and specifications in performing construction work other than that to which the use of the plans is limited by the contract, the petition, which set out these facts and alleged the plaintiff's damage as being "the face value" of the plans in a designated sum for their use in the additional construction work, alleged a breach of the contract; and, assuming that the value of the plans was not the legal measure of the plaintiff's damage, the petition nevertheless alleged a damage to the plaintiff. The petition therefore set out a cause of action and was good as against a general demurrer. *Kenny* v. *Collier,* 79 *Ga.* 743 (8 S. E. 58); *Graham* v. *Macon, Dublin & Savannah Railroad Co.,* 120 *Ga.* 757 (5) (49 S. E. 75); *Western Union Telegraph Co.* v. *Glenn,* 8 *Ga. App.* 168 (68 S. E. 881); *Whatley* v. *Cohen,* 24 *Ga. App.* 514 (3) (101 S. E. 310); *Sampson* v. *McRae,* 29 *Ga. App.* 690 (8) (116 S. E. 651).

3. An amendment to the petition, which alleges damage to the plaintiff in the same sum as representing "the market value" of the plans, alleges the same measure of damages, and does not add a new and distinct cause of action, and does not convert the suit from one upon an express contract to a suit upon a quantum meruit.

4. Applying the above rulings, the court did not err in overruling the demurrer.

5. Although, where the petition alleges the plaintiff's damage in a certain sum as representing the market value of the plans, a failure to demur specially to this allegation upon the ground that the value of the plans does not represent the legal measure of damages does not adjudicate the plaintiff's right to recover damages in the measure alleged, (*Richmond Hosiery Mills* v. *Western Union Tel. Co.*, 123 *Ga.* 216) yet where there was introduced, without objection from the defendant, evidence as to the market value of the plans for use in the additional construction work, as alleged by the plaintiff as the measure of his damages, whether or not this was the legal measure of the plaintiff's damages, the defendant can not complain that the court erred in instructing the jury that the plaintiff's measure of damages was the market value of the plans for their use in the construction work other than that to which their use was limited by the contract.

6. The evidence authorized the inference that the defendant used the plans and specifications in the construction work to which their use was not limited by the contract, and that the value of the plans for the purpose used by the defendant in violation of the contract was in the amount found in the verdict for the plaintiff.

7. The verdict found for the plaintiff was authorized and no error of law appears.    *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 15, 1928.

*Lee, Congdon & Fulcher,* for plaintiff in error.
*Hammond & Kennedy,* contra.