## 26316. SEGARS *et al. v.* CITY OF CORNELIA.

DECIDED NOVEMBER 13, 1937.

*John L. Perkins, J. C. & H. E. Edwards,* for plaintiffs.
*Sam Kimzey,* for defendant.

FELTON, J. This was a suit for damages against the City of Cornelia, in which it is alleged that the city, since on or about July 1, 1911, and at the present time, is damaging the plaintiffs, causing filthy excrements and deposits from the city's main line of sewer to empty into Mud Creek above the plaintiffs' lands, thus causing the same to be adulterated and polluted as said stream flows through their lands; that the excrements cause obnoxious odors on plaintiffs' lands, and as the adulterated and polluted waters flow through and over the lands a great amount of sewage is deposited along the said stream in dry weather, and that when the stream is swollen to overflowing, the filthy sewage is deposited on the plaintiffs' lands, thus polluting all of their springs and smaller streams which flow into the main stream of water; that large amounts of contagious and infectious disease germs are at all times found as a result on their lands, causing the lands to be unhealthful, uninhabitable, unfit for cultivation, and damaging to plaintiffs as alleged; that before filing suit they gave to the city ad litem notice as per copy attached to the petition, but the defendant failed and refused to settle and repair the damage done and being caused; that the damage is not only continuous but ever increasing in its ill effects to plaintiffs' persons and property; that

as the population of the city increases the amount of filthy excrement and sewage is increased in the said springs and branches of the main streams, all to the increased hurt, injury, and damage alleged; that the springs, branches, and main stream of water are no longer fit for use for either man or beast; that the crops made on the bottom-lands, vegetables, grain, hay, and other crops grown thereon are so besmeared with the filthy befouled air, etc., as to be no longer fit for use; that the cattle refuse to drink the water, and much of the hay and corn they refuse to eat; that the vegetables are not fit for further use, and are not merchantable; that because of the alleged damages plaintiffs have been compelled to abandon the dwelling-houses on the property and seek homes elsewhere; that the pasture lands, water thereon, and the atmosphere about the lands are polluted because of the said filth, excrement, and sewage; and that they have made oft and repeated demands of the defendant for redress, but to no avail.

The defendant filed a demurrer on the grounds that no cause of action was set forth, and that the petition shows on its face that if there is a cause of action it is barred by the statute of limitations; and on several special grounds. When the case came on for trial the plaintiffs offered an amendment as follows: "Plaintiffs show that the reasonable value, use, and occupancy of said property would be of the yearly value of $500 during the four years from July 20, 1926, back, if stream had not been polluted as alleged in the original petition, but by reason of the pollution as set forth in the original petition not more than $100 per year during the four years prior to filing original petition. Plaintiffs hereby amend by striking all reference in the pleadings to any permanent damage to the real estate in the original pleadings, and elect to sue for diminution in the reasonable rental value of said lands during the period aforesaid. Wherefore we pray for the damages to the rental value of said lands, use, and occupancy, aforesaid." The court disallowed the amendment, and sustained the general demurrer on the ground that the action was barred by the statute of limitations. The plaintiffs excepted.

While the original petition partook more of the nature of an action for damages, past, present, and future, to the entire freehold, we think there were sufficient allegations as to inability to grow consumable crops, inability to maintain healthy streams, and

the enforced abandonment of the premises as to show a continuing nuisance and to constitute a nucleus for a cause of action, to be completed by the proffered amendment, for damage to the realty by reason of the reduced rental value because of the alleged acts of the defendant. In such a case an action will lie for damages accruing within four years next before the filing of the suit. *Gabbett* v. *Atlanta,* 137 *Ga.* 180 (73 S. E. 372); *Atlantic Coast Line Railroad Co.* v. *Knapp,* 139 *Ga.* 422 (3) (77 S. E. 368); *Paylon* v. *Gulf Line Railway Co.,* 4 *Ga. App.* 762 (62 S. E. 469); *Smith* v. *Atlanta,* 75 *Ga.* 110; *Holmes* v. *Atlanta,* 113 *Ga.* 961 (39 S. E. 458); *Mayor &c. of Waycross* v. *Houk,* 113 *Ga.* 963 (39 S. E. 577); *Massengale* v. *Atlanta,* 113 *Ga.* 966 (39 S. E. 578); *Loughridge* v. *Dalton,* 166 *Ga.* 323 (143 S. E. 393); *Bass Canning Co.* v. *MacDougald Construction Co.,* 174 *Ga.* 222 (162 S. E. 687); *Thrasher* v. *Atlanta,* 178 *Ga.* 514 (173 S. E. 817, 99 A. L. R. 158); *City of Elberton* v. *Auld,* 150 *Ga.* 666 (104 S. E. 640); *Town of Lumber City* v. *Phillips,* 174 *Ga.* 918 (164 S. E. 681). The amendment did not add a new cause of action. The court erred in disallowing the amendment and in sustaining the general demurrer.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*