26557. JAMES *v.* DAYTON RUBBER MANUFACTURING CO.

DECIDED MARCH 16, 1938.

*Hopkins & Thomas,* for plaintiff in error.
*Dorsey, Stubbs & Dorsey,* contra.

STEPHENS, P. J. Dayton Rubber Manufacturing Company brought suit on account against John E. James, alleging a total indebtedness of $3662.81, an itemized account being attached to the petition. The defendant filed an answer and cross-petition to which the plaintiff demurred generally and specially. The court sustained the general demurrer of the plaintiff to the cross-petition, to which ruling the defendant filed exceptions pendente lite. On the trial the jury found for the plaintiff $2952.26 principal. The defendant moved for a new trial, which motion was over-

ruled. The defendant excepted to the overruling of the motion for new trial and to the sustaining of the plaintiff's demurrer to the cross-petition.

The only question to be considered is whether the court erred in sustaining a general demurrer to the cross-petition of the defendant in which the defendant alleged a breach by the plaintiff of two contracts, one known as a distributor's agreement and the other as a warehouse agreement. The defendant's original answer set out that the defendant was not indebted to the plaintiff because of having been damaged in a sum exceeding the amount sued for. He alleged that as a direct result of the breaches of the two agreements he suffered the loss of his business and the same was totally destroyed and that the plaintiff was indebted to him in the sum of $50,000. Copies of the two agreements were attached to the answer. After the plaintiff filed a number of special demurrers to the cross-petition, the defendant amended by adding two counts to his answer which were designated count 2 and count 3. In count 2 he again alleged that the plaintiff was indebted to him in the sum of $50,000 by reason of the breach of the two agreements, and set out certain oral negotiations which he claimed tied the two agreements together, and gave him a contract that the warehouse agreement would remain in force during the term for which the distributor's agreement was to be in effect. In count 2 the defendant further alleged that the plaintiff withdrew its entire stock of merchandise from the warehouse on February 23, 1935, and failed to continue this agreement and to perform the terms thereof, and that from and after the removal, without cause, of plaintiff's stock from the warehouse, the plaintiff refused to perform its duties under the terms of said distributor's agreement, thereby terminating all business relationship between the defendant and the plaintiff, and that said termination without notice was a breach of said contract, and that as a direct result of the breaches of these agreements the defendant lost his business and the same was totally destroyed. It is not necessary to consider count 3 of the cross-petition.

In *Hall* v. *John Hancock Mutual Life Ins. Co.*, 50 *Ga. App.* 625 (2) (179 S. E. 183), this court held: "Where a petition sets out a cause of action under any legal theory, it is good as against general demurrer." In the answer and the cross-petition it is al-

leged that the plaintiff broke the distributor's agreement by terminating it without giving the defendant the thirty days' notice stipulated for in the agreement, that by this act of the plaintiff the defendant's business was completely destroyed; that the business was worth $50,000, and that he was damaged in the sum of $50,000. A petition which alleges an improper measure of damages can not for that reason be dismissed on general demurrer. *Electric City Brick Co.* v. *Minter,* 38 *Ga. App.* 583 (2) (144 S. E. 824); *Smith* v. *Floyd County,* 36 *Ga. App.* 554 (3) (137 S. E. 646). Under these decisions the claim of the defendant that his damage was the full amount of the value of his business did not render his cross-petition dismissible on general demurrer. But the damages must be limited to the period of notice, and would include or consist of the probable profits lost within the thirty days after the plaintiff's breach of contract. *Freiberger* v. *Texas Co.,* 216 Wis. 546 (257 N. W. 592). It is no defense to say that such profits are speculative or remote. In the case of *Levy* v. *Allen,* 53 *Ga. App.* 246 (185 S. E. 369), this court drew a distinction between the profits of an established business and those of an unestablished business, and held anticipated profits recoverable in the case of an established business unlawfully terminated. It is true that the defendant set up various claims of special damage which seem unsustainable, but this is not a sufficient reason for dismissing his defense. "The answer of a defendant will resist a general demurrer or motion to strike, no matter how defective in some respects the answer may be, if it contains any matter of substantial right which the defendant can properly present by plea." *Medlock* v. *Wood,* 4 *Ga. App.* 368 (61 S. E. 516); *Tuxworth* v. *Barber,* 21 *Ga. App.* 748 (94 S. E. 1042); *DeLaigle* v. *Shuptrine,* 21 *Ga. App.* 697 (94 S. E. 904); *Logue* v. *Gardner,* 152 *Ga.* 356 (110 S. E. 25); *Fraser* v. *Jarrell,* 153 *Ga.* 441 (5) (112 S. E. 487). The same rule applies to a petition which is in several counts. *Train* v. *Emerson,* 137 *Ga.* 730 (74 S. E. 241).

The judgment of the court below must be reversed on account of the error in sustaining the general demurrer to the defendant's cross-petition as amended. Since the subsequent proceedings were nugatory, other assignments of error need not be noticed.

*Judgment reversed. Sutton and Felton, JJ., concur.*