## 27493. SEGARS *v.* CITY OF CORNELIA.

DECIDED JULY 11, 1939. REHEARING DENIED JULY 26, 1939.

*John L. Perkins, H. E. Edwards,* for plaintiff.
*Sam Kimzey,* for defendant.

STEPHENS, P. J.   E. E. Segars sued the City of Cornelia, alleging in his petition that the city had damaged him in the sum of $3000, in that the city, since on or about July 1, 1911, and at the present time, "is damaging plaintiff by causing" the contents of its main-line sewer to empty into Mud Creek above the plaintiff's land, thus polluting the waters as the stream flows through plaintiff's land; that great amounts of sewage are deposited along this stream in dry weather, and when the stream overflows the sewage is deposited on plaintiff's land, polluting his springs and smaller streams that flow into the main stream; that large amounts of contagious and infectious germs are at all times found on the land, causing it to be unhealthful, uninhabitable, and unfit for cultivation; that this damage is continuous and ever increasing as the

city increases in population; that the springs, branches, and main stream of water are not fit for use by either man or beast, and the crops made on the bottom lands are no longer valuable or fit for use; that the atmosphere over all the land is polluted to such an extent as to force the plaintiff to seek a home elsewhere; that he is entitled to pure water as a riparian owner; that he is "entitled to damages of $3000, to wit, $750 per year for rentals for the four years next preceding and before the filing of this his suit for damages"; that in addition to the alleged loss he shows that "as a parking and playground with lake, and lake frontage, he has been deprived, and is now deprived of $750 per year over and above the other allegations of damages;" that the rental losses because of the damages alleged are not less than $750 per year; that the construction of the defendant's sewer system is illegally and negligently created and maintained in that practically the entire sewage of the city with a population of 1800 or more is deposited through one main line of sewer into said stream, which is a very small stream, and at the point where the sewage is deposited there is no disposal plant or septic tank; that the stream is growing smaller and the pollution is increasing with the increase of population of the city; that the defendant has no lawful right to pollute the stream, and to maintain a continuing nuisance which is not of permanent nature but is abatable; that the plaintiff is a life-tenant of the land and entitled to the rents and profits, and because of the facts alleged he claims damages of not less than $750 per year for four years next before the filing of this petition.

The city filed an answer denying all the allegations of the petition except one which alleged that the city failed and refused to settle and repair the damage complained of, which was admitted, and further alleged that before it constructed the sewer system complained of it obtained permission from Mrs. E. E. Segars, who then owned the property described, to construct and operate a sewer system and to discharge the sewage in the creek flowing through her property, and further alleged that Mrs. Segars, the predecessor in title to the plaintiff, for a valuable consideration gave the defendant an easement or right to empty the sewage from its sewer system in the creek above her property, and she and the plaintiff are estopped from claiming damages on account of the pollution of the stream by the operation of the sewer system of the

city. On the trial the jury found for the defendant. The plaintiff moved for a new trial on various grounds. This motion was overruled, and the plaintiff excepted.

The first special ground of the motion alleges that the court erred in not ruling out the testimony of Mr. Kimzey to the effect that before the sewer system was installed he was the city attorney and went to see Mrs. Segars who owned the property at that time and explained to her that "We were aiming to put the sewerage system in and wanted to empty it in the creek and she agreed with me, as representing the City of Cornelia, for us to install the system and empty it in the creek," and that he took a writing from Mrs. Segars for a valuable consideration in which she gave to the city the right to empty its water in the creek above her property; that he turned that paper over to the city clerk and it has been misplaced or lost, and that Mr. Sellers went with him to see Mrs. Segars to get her to sign this paper; that Mrs. Segars signed the release and I. T. Sellers and witness signed as witnesses; that Mr. Sellers was then councilman for the city and interested in getting the release, and, as stated by the witness, "I had the consideration stated in the release, I think, and it was for one dollar, but whether or not I paid her the dollar I don't know;" that sometimes he did and sometimes he didn't. It was not error to admit this testimony. It was shown by the secretary of the commissioners of the city that since January, 1936, she had kept the files and records of the city and was in control and custody of these records, that she had looked for an easement from Mrs. E. E. Segars to the city about the sewer system, and could not find it, that she looked through all the records and undertook to find it, and so far as she knew it was lost. This foundation was sufficient to admit parol proof of the agreement or contract between Mrs. Segars and the city.

Another objection by plaintiff to this testimony was that the evidence showed no consideration for the agreement. This objection was not good because it has been held that a consideration of one dollar is sufficient to sustain a contract. *Cobb* v. *Jolley*, 26 *Ga. App.* 123 (105 S. E. 630). Where a money consideration is stated in the writing, the contract is still good although the money may not actually have been paid. *Bridges* v. *Shirling*, 26 *Ga. App.* 279 (4) (105 S. E. 862) ; *Sampson* v. *McRae*, 29 *Ga. App.* 690 (5) (116 S. E. 651).

■ Another objection to the testimony of Mr. Kimzey was that the alleged agreement was not witnessed so as to entitle it to record, and that there could be no constructive notice to Mr. Segars of the existence of the agreement. It was agreed between counsel for both parties that Mr. Segars was a life-tenant of the land under the will of Mrs. Segars who had owned the property at the time the sewer system was installed. A devisee under a will can take no better title than the testatrix had. It does not matter whether Mr. Segars had any notice of the encumbrance created by the testatrix.

■ The second ground of the amended motion, which complains that the court ruled out an opinion of the plaintiff that with the pollution out of the stream he could rent his farm for $700 or $800, is without merit in view of other testimony of this witness that if the sewage were not in the stream and he had pure water he could rent the place for $1,000 a year and other testimony of his as to the rental value of the place, which the court allowed. It does not appear how the rejection of this opinion evidence could have been prejudicial to the plaintiff, where the jury found a verdict for the defendant.

■ It was not error for the court to reject the evidence of Mr. Segars to the effect that he and Mrs. Segars always consulted with each other with reference to all business transactions, and that if she had made this easement she would have told him so, and he made a statement in her presence immediately after the easement was purported to have been signed and nothing was said to him about having signed an easement. Even if Mrs. Segars had then denied giving the easement, such denial would not be admissible because it would be hearsay, and might also be a self-serving declaration.

■ The fourth ground of the amended motion is that the court erred in charging the jury that the burden of proof was on the plaintiff, and not charging that the burden was on the defendant to prove its defenses. This is without merit because the city denied the entire case of the plaintiff and set up a special defense as to which there was no request by plaintiff for an instruction on the burden of proof.

■ The criticism of the charge of the court restricting the jury to a consideration of the diminution of the rental value of the property is without merit. Properly construed, the petition claims no damage other than damage to the rental value.

■ The exceptions in the sixth, seventh, and eighth grounds of the amended motion are covered by what has already been said, and the complaint that the court failed to give fuller instructions can not be entertained when no such instructions were requested by the plaintiff, and the instructions given fairly covered the issues.

■ It was not error to overrule the motion for new trial on the general grounds. The evidence showed that Mud Creek was the natural outlet for the surface drainage of the city, and that before converting it into a sewer branch the city had obtained Mrs. Segars' consent and the consent of all the riparian owners as far down the stream as the mill. The city then installed several miles of sewer line at a heavy expense to it, and no objection was raised by any one. After the city had expended its money on the faith of Mrs. Segars' consent she was estopped, and her devisee is estopped, to recover damages for the pollution of the stream. See a former decision in this case, 56 *Ga. App.* 718 (193 S. E. 794).

> *Judgment affirmed.* ` Sutton and Felton, JJ., concur.*