29298.   HELTON *v.* WESTERN & ATLANTIC RAILROAD.

DECIDED MARCH 17, 1942.

*Hewlett & Dennis, T. F. Bowden, J. H. Paschall, R. F. Chance,* for plaintiff.

*Walton Whitwell, D. W. Mitchell, W. M. Henderson,* for defendant.

. STEPHENS, P. J. Mrs. R. E. Helton instituted suit against Western & Atlantic Railroad to recover for the homicide of her son, "an unmarried male child," who, it was alleged, contributed to her support and upon whom she was dependent for support, alleged to have been caused from his being killed upon a railroad crossing as the result of the alleged negligence of the defendant in the operation of its train in approaching the crossing. It was alleged in the petition as amended that the crossing, while a private crossing, was one which had been customarily, for twenty years, used as a crossing by people traveling over it, with the knowledge of the servants of the defendant in the operation of the train; that the homicide occurred at night, and that there was a curve in the track of the defendant approaching the crossing, and that by virtue of the existence of an embankment which obscured the approach of the train the plaintiff's son was unable to see the train as it approached the crossing; that the operators of the train in approaching the crossing failed to give any alarm by the blowing of the whistle or the ringing of the bell; that at the time the train was being operated at a rapid and reckless rate of speed of seventy miles an hour; that the plaintiff's son was crossing the track at said crossing in an easterly direction and that on the eastern side of the track at said crossing the defendant had permitted a wire which it had maintained in connection with its electric-block system to become slack and extend upwardly two or three inches above the surface of the rail; that the plaintiff's son in going over the crossing caught his foot in this wire and his free passage was stopped and impeded until he was struck by the oncoming train, and killed. It was further alleged that the defendant had throughout many years maintained the crossing by putting gravel and dirt upon it and shaping it up immediately adjacent to the rails and between the rails, so as to make it a passable crossing, and which, as alleged was an implied invitation extended to the petitioner's son and to the public to use the crossing for the purpose of crossing the tracks. The petition also alleged what services the plaintiff's son performed in her support and the sums of money contributed by him monthly to her support.

The court sustained the general demurrer, and dismissed the action, and the plaintiff excepted.

Under the allegations of the petition as amended the plaintiff's son was not a trespasser on the railroad track at the crossing. Since the crossing, whether or not it was a public crossing, had been maintained by the railroad and it had been the custom for about twenty years for people to cross the railroad at this crossing, which custom was known to the servants of the railroad in the operation of its trains, a jury would be authorized to find under the circumstances that it was the duty of the operators of the train to anticipate that persons might be crossing over the crossing at the time, and to use such precaution to prevent injury as ordinary care under the circumstances would require. "Where persons habitually, with the knowledge and without the disapproval of the railroad company, use a private passageway for the purpose of crossing the tracks of the company at a given point, the employees of the company in charge of one of its trains, who are aware of the custom, are bound, on a given occasion, to anticipate that persons may be upon the tracks at this point, and they are under a duty to take such precautions to prevent injury to such persons as would meet the requirements of ordinary care and diligence." *Western & Atlantic Railroad Co.* v. *Michael,* 175 *Ga.* 1 (6) (165 S. E. 37). See also *Southern Railway Co.* v. *Slaton,* 41 *Ga. App.* 759 (154 S. E. 718).

A jury would be authorized to find that it would be negligence on the part of the defendant, through its servants in the operation of its train, and a failure on their part to exercise ordinary care under the circumstances, to approach the crossing at the rate of speed of seventy miles an hour without blowing the whistle or ringing the bell. One of the circumstances being that a person at the crossing, by reason of the curve in the track and the obstruction of the view of the approaching train by an embankment, could not see the approaching train. It was also negligence as alleged, on the part of the defendant, to maintain the loose wire on the rail as alleged, in which the plaintiff's son entwined his foot and which prevented him from getting off the track before he was hit by the train.

It does not appear anywhere from the allegations of the petition that the plaintiff's son could have avoided the injury by the exercise of ordinary care, but it does appear from the allegations that the jury would be authorized to find that under the circumstances the

defendant was operating its train negligently in approaching the crossing, and that the homicide of the plaintiff's son, upon whom she was dependent and who contributed to her support, was caused by the negligence of the defendant.

The petition as amended set out a cause of action and was good against demurrer, except in so far as it failed to allege that the plaintiff's unmarried son had no children. Code, § 105-1307. By reason alone of this omission the petition failed to set out a cause of action, and the court did not err in sustaining the demurrer. Direction is given, however, that the plaintiff, if she so desires, before the judgment of this court is made the judgment of the trial court, be allowed to amend the petition by supplying the necessary omitted allegation that her deceased son had no children. Upon the allowance by the court of this amendment, the judgment sustaining the demurrer to the petition as amended will stand reversed. Upon the failure of the plaintiff to make such amendment as directed the judgment of the court sustaining the demurrer will stand affirmed. See *Dellinger* v. *Elm City Cotton Mills,* 26 *Ga. App.* 780 (107 S. E. 264), where it appeared that the petition failed to set out a similar allegation as required in the Code, § 105-1307, and the Court of Appeals affirmed the judgment sustaining the demurrer on the ground of such omission, but gave direction that the plaintiff be allowed to amend by supplying the necessary omitted allegation. See also *Willingham* v. *Glover,* 28 *Ga. App.* 394 (6) (111 S. E. 206) ; *Holston Box & Lumber Co.* v. *Holcomb,* 30 *Ga. App.* 651 (4) (118 S. E. 577) ; *Brown* v. *Bowman,* 119 *Ga.* 153 (3) (46 S. E. 410) ; *Harp* v. *Southern Railway Co.,* 119 *Ga.* 927 (4) (47 S. E. 206, 100 Am. St. R. 212) ; *McRae* v. *Sears,* 183 *Ga.* 133 (187 S. E. 664) ; *Whatley* v. *Cohen,* 24 *Ga. App.* 514 (4) (101 S. E. 310).

*Judgment affirmed, with direction. Sutton, J., concurs.*

FELTON, J., concurring specially. I concur in the judgment and the direction, but I think the judgment should be unconditionally reversed. The petition alleged that "at all times herein mentioned, petitioner was the mother of an unmarried male child," who, the petition further alleges, was twenty-seven years old when he was killed. The petition alleges that the crossing has been in existence for more than twenty years, etc. It would certainly be presumed

that a child of seven years was not married, and since it is alleged that he was not thereafter married, it will be presumed that he had no children.