## 35817. COLLINS *v.* LOUISVILLE & WADLEY RAILROAD COMPANY.

DECIDED SEPTEMBER 30, 1955—REHEARING DENIED OCTOBER 19, 1955.

815

*Olin B. Cannon, Oliver, Davis & Maner,* for plaintiff in error.
*Price, Spivey & Carlton,* contra.

GARDNER, P. J. 1. It is our opinion that paragraph 36 of the amended plea of settlement is a general demurrer, and the court

did not err in overruling it. We think the amendment is allowable because it merely alleged facts in explanation of certain terms in the contract. We do not think the question of the general demurrer to the petition before amendment is before this court for the reason that it must be treated as abandoned, since it was not renewed and insisted upon after amendment. See *General Accident, Fire &c. Corp.* v. *Way,* 20 *Ga. App.* 106 (2) (92 S. E. 650); *Mauldin* v. *Mauldin,* 25 *Ga. App.* 743 (2) (105 S. E. 252); and *Howard* v. *Allgood,* 143 *Ga.* 550 (16) (85 S. E. 757).

We might state here that, when the plaintiff assumed the burden of proof by admitting a prima facie case, the court in a colloquy with counsel stated that in assuming the burden of proof the defendant would have to prove that the settlement contract was procured by fraud. There is no evidence or argument to the effect that any fraud was perpetrated on the defendant. It induced the signing of the settlement contract.

2. The plaintiff relies for a reversal on two contentions: (a) That the agreement between the parties was such that to be enforceable the money should have been paid simultaneously by the defendant to the plaintiff when the instrument of settlement was signed. In our opinion this proposition is not tenable under the record in this case. By evidence introduced under the amended plea of the plaintiff the payment was to be made by the defendant to the plaintiff by check from the office of the railroad company at Savannah. The check was forwarded to the plaintiff within three days after the agreement was signed. The plaintiff refused the check for the reason that he did not get his money in accordance with the settlement agreement, which was due to his own fault. Counsel for the plaintiff call our attention to numerous cases to the effect that in accord and satisfaction cases the money must be paid simultaneously. The cases cited deal with the principles of law that there is no agreement, as here, to pay it at some future time.

(b) The other contention on which the plaintiff relies for reversal is that the agreement is not founded on a valid consideration. The record reveals that the consideration in the instant case is in part a compromise of a disputed unliquidated claim. Code § 20-1205 provides as follows: "A compromise or mutual

accord and satisfaction is binding on both parties." In *City Electric Ry. Co.* v. *Floyd County,* 115 *Ga.* 655, 656 (42 S. E. 45), the court said: "If, as contended by the plaintiff in error, this contract was a nudum pactum, then the judgment of the court below was wrong; on the other hand, if this contract was based upon a sufficient consideration, then that judgment was right . . . After the previously existing controversy between these parties had been compromised and settled, it mattered not which side thereof was right in its contentions; for the compromise and settlement of the dispute was a sufficient consideration for the agreement of the railroad company to pay the stipulated annual sum for its use of the bridges . . . The parties asserted conflicting claims, depending upon a question of law, and these claims were compromised and settled by the contract now under consideration." See *Hume* v. *Davison-Paxon Co.,* 57 *Ga. App.* 289 (195 S. E. 318) ; *Segars* v. *City of Cornelia,* 60 *Ga. App.* 457, 459 (2) (4 S. E. 2d 60) ; *Peşso* v. *Poulos,* 74 *Ga. App.* 288 (1) (39 S. E. 702) ; *Hall* v. *Beavers,* 78 *Ga. App.* 722 (51 S. E. 2d 879) ; *Morris* v. *Munroe,* 30 *Ga.* 630; *Littlegreen* v. *Gardner,* 208 *Ga.* 523 (3) (67 S. E. 2d 713). In *Tyson* v. *Woodruff,* 108 *Ga.* 368, 372 (33 S. E. 981) the court said: "The law favors a settlement of differences and a compromise of disputed claims between parties. It thus saves the time, expense and trouble of litigation. It matters not if one party be right and the other wrong touching the validity of the original claim. The real consideration is in bringing about a settlement, preventing further annoyance, uncertainty and doubt, and to avoid, it may be, the uncertain result of a vexatious, troublesome and expensive litigation. As far as our investigation has extended .the authorities are uniform and unbroken to the effect that when there is an honest difference of opinion between parties touching a disputed claim, and especially if the difference is of such a nature as to render it at all doubtful as to who is correct, any settlement or compromise of these differences will be enforced by the courts, and neither party will be allowed to defend by showing that he was right in his original contention. * * * Indeed, if any other rule prevailed, settlement or compromise of disputes and differences would amount to absolutely nothing; for in the event of a suit based upon the contract of settlement, either party could go behind that agree-

ment, set up defenses to the original claim, and contend that there was really no consideration for the compromise." In *Riley & Co.* v. *London Guaranty &c. Co.*, 27 *Ga. App.* 686 (109 S. E. 676), this court said: "All claims whether disputed or undisputed may furnish the subject matter of an agreement in accord and satisfaction, provided such agreement, like all other contracts, is supported by a consideration. When such a valid plea is proved as laid the rights of the creditor are controlled thereby. *a.* Where the amount of a claim is unliquidated the mere adjustment of such a bona fide dispute by the expressed terms of a new agreement will of itself afford a valid consideration sufficient to render the new agreement binding, and *this would be true whether the new agreement had been actually performed or not.* Civil Code (1910) Sec. 4326, 4328." (Italics ours.) In *Bridges* v. *Shirling*, 26 *Ga. App.* 279 (4) (105 S. E. 862) this court said: "Where an executed act, as the payment of money, is recited as the consideration for a contract, the contract is not rendered invalid by proof that the consideration was not actually executed by the payment of the money." See also *Sampson* v. *McRae*, 29 *Ga. App.* 690 (5) (116 S. E. 651) to the same effect.

The court did not err in overruling the demurrer. On the issue formed by the plea, the court did not err in directing a verdict for the defendant.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*