## 557. LUNSFORD v. SUTTON.

In a claim case the property was found subject, and the claimant made a motion for a new trial. The name of the claimant did not appear in the title of the case or in the body of the motion, but it was expressly stated that the motion was made by the claimant. On the back of the original motion as filed, the case was entitled in the name of the claimant, as the movant eo nomine. Subsequently several consent orders were granted postponing the hearing of the motion, in which orders the title of the case was stated, giving the name of the claimant as the movant; and in them the claimant, by name, was recognized by court and counsel as the movant. *Held:* (1) An amendment inserting the name of the claimant in the face of the motion for new trial should have been al-

lowed. (2) Such amendment did not add a new party to the motion for new trial. (3) The maxim id certum est quod certum reddi potest was applicable.

Levy and claim, from city court of Sylvester—Judge Park. March 8, 1907.

Submitted October 28,—Decided November 25, 1907.

*L. D. Passmore, Mark Tison,* for plaintiff in error.

*Polhill & Foy,* contra.

HILL, C. J. This was a claim case, in which the property was found subject to the execution. The claimant filed a motion for a new trial, entitling the case in which the motion was filed as that of the plaintiff in fi. fa. against the defendant in fi. fa., and stating that the motion for a new trial was made after verdict and judgment for the plaintiff in fi. fa. There followed, in the body of the motion, the following: "The claimant, being dissatisfied with the verdict and judgment in said case, comes, during said term of the court," etc. Nowhere in the title of the case, nor in the body of the motion, is the name of the claimant who makes the motion stated. This motion was filed, and on the back the case was stated as it was entitled inside, except that the name of the claimant, Mary E. Lunsford, was added. On this motion for a new trial as thus filed, the judge of the court in which the case was pending granted a rule nisi as follows: "Read and considered. It is ordered that plaintiff in fi. fa. show cause before me, at Sylvester, Ga., at ten o'clock on the 30th day of March, 1907, why the foregoing motion should not be granted," etc. The court also passed the following order: "The claimant having made a motion for a new trial in said case, on the grounds therein stated, and said grounds having been approved by the court, and it appearing that it is impossible to file a brief of testimony in said case before adjournment of court, it is ordered," etc. On the day fixed for the hearing of the motion, a consent order postponing the hearing of the motion and the filing of the brief was passed, which order was as follows: "R. L. Sutton, plaintiff in fi. fa., *v.* W. D. Lunsford, W. A. Whiddon, T. S. Harris, defendants in fi. fa., Mrs. Mary E. Lunsford, claimant, in the city court of Sylvester, motion for new trial." Then follows the order of the court, granted by consent of counsel, postponing the hearing of the motion until April 20,

1907. On April 20 a further order, by consent, was granted, postponing the hearing of the motion, and in that order the case was again entitled as in the consent order of March 30; and on April 20 the hearing of the motion was again postponed by consent, until May 12, the motion being entitled as in the two preceding orders. On the hearing of the motion, counsel for the movant (after stating that the word "claimant," in the original motion, referred to Mrs. Mary E. Lunsford, whose name had been inadvertently omitted from it but had been placed on the back of that motion when filed, and who had been subsequently recognized by name as the claimant, in the consent orders, in all of which the case in which the motion for new trial was pending was properly entitled, and in which the name of the claimant was given as Mrs. Mary E. Lunsford) asked to amend the face of the original motion for new trial by adding, after the statement of the case as it appeared therein, the words "Mrs. Mary E. Lunsford, claimant." This amendment the court refused to allow, and the claimant excepted. The claimant, Mrs. Mary E. Lunsford, then presented her brief of evidence for the approval of the court, and the court, in the following order, refused to approve it: "The court refuses to approve the brief of evidence, for the reason that no such case is pending; the original motion for a new trial having no party claimant set out, the amendment to add parties being refused." To this order the claimant excepted. All the foregoing facts appear from the record and are verified by the bill of exceptions.

Under these facts, we think the court should have allowed the amendment. Mrs. Mary E. Lunsford was denominated the claimant, on the back of the original motion when filed. She was, by name, recognized and treated as the claimant who had filed the motion for new trial, by repeated consent orders, and in the title of the case in which these orders were passed. In view of these facts, the mere omission to state her name as claimant in the face of the original motion was not material; and to insert it, in view of the facts above recited, was not adding a new party to the motion for a new trial. The well-known maxim, id certum est quod certum reddi potest, is clearly applicable. We think the court. erred in refusing to allow the amendment, and also in refusing to approve the brief of evidence for the reason stated in his order of refusal.                    *Judgment reversed.*