## 35346. ATHENS TRUCK & TRACTOR COMPANY *v.* KENNEDY.

DECIDED NOVEMBER 4, 1954.

*Harold A. Boggs,* for plaintiff in error.
*A. C. Carson, A. S. Skelton,* contra.

QUILLIAN, J. Athens Truck & Tractor Company, a corporation, brought suit on an open account, verified by the affidavit of C. H. Montgomery, against J. R. Kennedy in a justice's court. The summons with verified account attached was personally served on Kennedy. No answer was filed by the defendant; the justice entered up a judgment against him, and he appealed to the Superior Court of Franklin County. The case was called for trial, and the plaintiff corporation made a motion that the court direct a verdict in its favor. The motion was denied, and the trial judge ordered that the case proceed to trial, and ruled that the defendant might introduce evidence as would be proper under a plea of the general issue. The plaintiff and the defendant

introduced evidence. The jury returned a verdict in favor of the defendant. Thereafter, within the time in which a motion for a new trial could be legally filed, C. H. Montgomery filed a motion for new trial in his own name. Nothing in the motion and no entry on it indicated that it was filed on behalf of Athens Truck & Tractor Company, or in the case that had been brought and prosecuted against Kennedy. Thereafter a brief of evidence entitled in the case of Athens Truck & Tractor Company against Kennedy was approved and filed. The brief of evidence did not refer to the motion for new trial filed by Montgomery, nor to the agreement of counsel as to its correctness, or any entry on it. When the motion came on to be heard, the truck and tractor company offered an amendment to the motion for new trial filed by Montgomery, striking his name and substituting its name as movant. The trial court disallowed the amendment.

The form of the affidavit made to verify the account may have caused confusion in the trial court. It read: "Personally appeared before me C. H. Montgomery, Pres., Athens Truck & Tractor Co. Who on oath says that the above account is just, due and unpaid. Athens Truck & Tractor Co. by C. H. Montgomery. Sworn to and subscribed before me this April 14, 1952. T. H. Montgomery, N. P. Athens Truck & Tractor Co. By: T. H. Montgomery. Sworn to and subscribed before me this 29th day of Sept., 1954. G. E. Moore, N. P."

Ordinarily, where one with authority subscribes the name of another to the instrument, he commits the person for whom he acts rather than himself to its contents. But, under the ruling in *Bennett & Co. v. Gray,* supra, the affidavit above quoted was the affidavit of C. H. Montgomery and sufficiently verified the account to meet the requirements of § 24-1302.

There are two sections of the Code governing the right of the defendant in a case appealed from a justice's court to either plead or go forward with his defense without pleading in the superior court. Code § 6-303 provides: "The defendant, in cases appealed from the justice's court to the superior court, shall reduce his defenses to writing before the case proceeds to trial in the superior court, provided he relies upon any plea or defense other than the general issue. Nothing contained in this

section shall be construed to abridge his right to amend his pleadings as in other cases." Code § 24-1302 provides: "When suit is brought upon an open account in a justice court, such account may be proved by the written affidavit of the plaintiff, and, when so proved, shall be received in evidence as if proved in open court; nevertheless, if the defendant shall file his affidavit denying the justice and fairness of the whole or any part of such account, the court shall not give judgment in favor of the plaintiff for that part of the account so denied and controverted, unless supported by other proof. In all cases when such affidavit to prove the account is made, there shall be personal service upon the defendant before judgment is given for the plaintiff under the provisions of this section. In all cases where a counter-affidavit is filed by the defendant, and the plaintiff is not present, it shall be the duty of the justice of the peace to continue such case until the next term of said court. Nothing in this section contained shall apply to suits against administrators and executors on contracts of their deceased testators and intestates."

Construing the two sections in pari materia, the conclusion is inescapable that § 6-303 does not apply to a suit on verified accounts in which there has been personal service on the defendant in the superior court on appeal from the justice's court. In that class of case a verified answer must be filed in the justice's court. If, as in this case, no verified answer is filed, the plaintiff is entitled to a judgment in the justice's court; and if the case is appealed to the superior court, to a verdict without introducing any evidence. The defendant can neither file a defense in the superior court nor rely upon the general issue. *Draper & Co. v. Burr Mfg. Co.,* 10 *Ga. App.* 321 (73 S. E. 534). In such circumstances, the defendant in this case was not entitled to introduce evidence, and any judgment rendered in his favor is contrary to law. Had the motion for a new trial been filed on that ground alone, the verdict would have been set aside.

The trial court properly disallowed the amendment to the motion for a new trial filed by Montgomery, which sought to substitute Athens Truck & Tractor Company as movant in the

stead of Montgomery. The case of *Lunsford* v. *Sutton*, 3 *Ga. App.* 94 (59 S. E. 334), is distinguishable on its facts from what is held here. That case was a claim case where the motion for a new trial was made by the claimant, but she was designated therein simply as the claimant without any reference to her name. The order entered thereon by the judge recited that the claimant had filed a motion. It being perfectly apparent that the claimant had filed the motion, and there being but one claimant in that case, an amendment adding her name was, of course, allowable though it was unnecessary. In the case at bar, the amendment sought to strike the name of the party who filed it, and substitute that of an entirely different party, who, nothing in or on the motion revealed, was in any way connected with it.

Since there was no motion for a new trial filed by the plaintiff to question the validity of the ruling of the court allowing the defendant to introduce evidence and submitting the case to the jury, that judgment cannot be reviewed by the bill of exceptions, filed months after the rulings were made. The judgment in this case is, consequently,

*Affirmed. Felton, C. J., and Nichols, J., concur.*